Louis S. Ederer
louis.ederer@aporter.com
Matthew T. Salzmann
matthew.salzmann@aporter.com
Maxwell C. Preston .
maxwell.preston@aporter.com
ARNOLD & PORTER LLP
399 Park Avenue
New York, New York 10022
Phone (212) 715-1000
Fax (212) 715-1399

*Attorneys for Plaintiffs*
*Louis Vuitton Malletier, S.A.*
*and Céline, S.A.*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

LOUIS VUITTON MALLETIER, S.A. and
CÉLINE, S.A.,

              Plaintiffs,

      - against -

RED LEGEND GROUP CORP., STYLE
GENERATION CORP., QIAN KANG
TCHING a/k/a FRED CHEN, XYZ
COMPANIES 1-10 and JOHN DOES 1-10,
inclusive,

              Defendants.

---------------------------------------------------------------- x

Civil Action No.

**DOCUMENT FILED UNDER SEAL**

**COMPLAINT**

Plaintiffs Louis Vuitton Malletier, S.A. ("Louis Vuitton") and Céline, S.A. ("Céline")

(collectively, "Plaintiffs"), by and through their undersigned counsel, complain and allege

against defendants Red Legend Group Corp. ("Red Legend"), Style Generation Corp. ("Style

Generation"), Qian Kang Tching a/k/a Fred Chen ("Tching"), XYZ Companies 1-10 and John

Does 1-10 (collectively, "Defendants"), as follows:

## NATURE OF THE ACTION

1. Plaintiffs bring this action for injunctive relief and damages arising from willful and intentional acts of trademark counterfeiting and/or infringement, false designation of origin, dilution and unfair competition, engaged in by Defendants in violation of the laws of the United States and the statutory and common law of the State of New York.

2. In particular, this case concerns Defendants' willful and deliberate counterfeiting and/or infringement of certain of Plaintiffs' most distinctive and popular trademarks and designs used on and in connection with their world famous LOUIS VUITTON and CÉLINE lines of high-end handbags and accessories. After Plaintiffs expended extensive resources designing, developing, promoting and selling handbags and accessories featuring such marks and/or designs, and after consumers had come to recognize such marks and/or designs and associate them exclusively with Plaintiffs, Defendants introduced handbags and accessories with virtually identical marks and/or designs. Defendants undertook this conduct in bad faith, and without Plaintiffs' consent, with the deliberate intent to improperly trade off and reap the benefits of the extensive goodwill associated with Plaintiffs' LOUIS VUITTON and CÉLINE brands, and their world famous marks and designs.

## THE PARTIES

3. Plaintiff Louis Vuitton is a *société anonyme* duly organized and existing under the laws of the Republic of France, with its principal place of business in Paris, France, and operates as a subsidiary of LVMH Moët Hennessy Louis Vuitton, S.A. ("LVMH"). Louis Vuitton is a world famous luxury goods company, and is the sole and exclusive distributor of goods bearing the Louis Vuitton trademarks in the United States. Specifically, Louis Vuitton is engaged, *inter alia*, in the design, manufacture, distribution and sale in interstate and foreign commerce, including within this judicial district, of prestigious high quality, luxury merchandise, including,

2

without limitation, handbags, luggage, apparel, shoes, eyewear, jewelry, watches and other fashion accessories.

4.    Plaintiff Céline is a *société anonyme* duly organized and existing under the laws of the Republic of France, with its principal place of business in Paris, France, and operates as a subsidiary of LVMH. Céline is a world famous luxury goods company, and is the sole and exclusive distributor of goods bearing the Céline trademarks in the United States. Specifically, Céline is engaged, *inter alia*, in the design, manufacture, distribution and sale in interstate and foreign commerce, including within this judicial district, of prestigious high quality, luxury merchandise, including, without limitation, handbags, luggage, apparel, shoes, eyewear, jewelry, watches and other fashion accessories.

5.    Upon information and belief, defendant Red Legend is a corporation organized and existing under the laws of the State of New York, with its principal place of business located at 119 West 30th Street, New York, New York 10001. Red Legend is importing, distributing, advertising, offering for sale and/or selling handbags and accessories within the State of New York and this judicial district.

6.    Upon information and belief, defendant Style Generation is a corporation organized and existing under the laws of the State of New York, with its principal place of business located at 119 West 30th Street, New York, New York 10001. Style Generation is importing, distributing, advertising, offering for sale and/or selling handbags and accessories within the State of New York and this judicial district.

7.    Upon information and belief, defendant Tching is an individual who is and was at all relevant time a resident of the State of New York. Tching is the chief executive officer of both Red Legend and Style Generation, and is the moving, active, conscious force directing Red

3

Legend's and Style Generation's wrongful acts, and is personally responsible and liable for the wrongful acts of Red Legend and Style Generation, as described herein.

8. Upon information and belief, Defendants are engaged in the alleged unlawful acts in conjunction with various entities and individuals, denoted herein as defendant XYZ Companies 1-10 and John Does 1-10, whose identities are not presently known. If the identities of these parties become known, Plaintiffs will amend the Complaint to include the names of such entities and/or individuals.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over Plaintiffs' federal trademark counterfeiting and infringement, false designation of origin, and trademark dilution claims pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331, 1332 and 1338.

10. This Court has subject matter jurisdiction over Plaintiffs' claims that arise under the laws of the State of New York pursuant to 28 U.S.C. § 1367(a), because such claims are related to and arise from the same set of facts as Plaintiffs' federal claims.

11. This Court has personal jurisdiction over Defendants because each Defendant regularly conducts business within this judicial district, and the complained-of acts occurred in this judicial district.

12. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c), and 28 U.S.C. § 1400(a), because Defendants are subject to personal jurisdiction within this judicial district, and because a substantial part of the events giving rise to Plaintiffs' claims occurred within this judicial district.

## FACTUAL BACKGROUND

### A. Louis Vuitton and the Louis Vuitton Trademarks

13. Founded in Paris in 1854, Louis Vuitton is one of the premier luxury fashion

4

houses in the world. Originally known for its custom-made luggage and trunks, today Louis

Vuitton is well known for its high quality handbags, luggage, apparel, eyewear, jewelry, watches

and many other fashion and luxury goods.

14. In order to protect and maintain the image of the brand, Louis Vuitton products

are sold exclusively through company-owned and operated boutiques, some of which are located

within high-end retail stores such as Neiman Marcus and Saks Fifth Avenue, and through the

Louis Vuitton website at http://us.louisvuitton.com.

15. Louis Vuitton is the owner of numerous famous federally-registered trademarks,

including the LOUIS VUITTON word mark (the "LOUIS VUITTON Trademark"), and the

"LV" design mark (the "LV Design Trademark") (collectively, the "Louis Vuitton

Trademarks"), which are registered for use in conjunction with a variety of goods, including,

*inter alia*, handbags and accessories.

16. The Louis Vuitton Trademarks, which are each registered with the U.S. Patent

and Trademark Office ("USPTO"), are listed in the table below, and true and correct copies of

the U.S. registration certificates for the Louis Vuitton Trademarks are attached hereto as **Exhibit**

**A**:

| Mark | Reg. No. | Reg. Date | Class & Goods / Services |
|------|----------|-----------|--------------------------|
| LOUIS VUITTON | 1,045,932 | 08/10/1976 | IC 018: Luggage and ladies' handbags |
| LOUIS VUITTON | 1,990,760 | 08/06/1996 | IC 018: *Inter alia*, trunks; traveling trunks; suitcases; traveling bags; luggage; garment bags for travel; hat boxes for travel; shoe bags for travel; umbrellas; animal carriers; rucksacks; haversacks; leather or textile shopping bags; beach bags; handbags; vanity cases sold empty; attache cases; tote bags, travel satchels; clutch bags; briefcases; wallets; pocket wallets; credit card cases; business card cases; bill and card holders; checkbook holders; key cases; change purses; briefcase-type portfolios |
| LOUIS VUITTON | 3,904,444 | 01/01/2011 | IC 035: Retail store services and on-line retail store services featuring clothing, footwear, headwear, bags, purses, eyewear, jewelry, watches, luggage, books, and writing implements; mail order services featuring clothing, footwear, headwear, bags, purses, eyewear, jewelry, watches, luggage, books, and |

5

| Mark | Reg. No. | Reg. Date | Class & Goods / Services |
|---|---|---|---|
| | | | writing implements; retail store services and on-line retail store services featuring phone-in order for clothing, footwear, headwear, bags, purses, eyewear, jewelry, watches, luggage, books, and writing implements |
| LOUIS VUITTON | 4,530,921 | 05/13/2014 | IC 016: Paper bags; boxes of cardboard or paper; cardboard and paperboard envelopes and pouches for packaging; plastic materials for packaging, namely, bags; posters; pamphlets referring to travel; postcards; catalogs featuring luggage, travel accessories, bags, small leather goods, and clothing; paper labels; trading cards; greeting cards; business cards; invitation cards; printed publications, namely, books, newspapers, leaflets, and magazines featuring luggage, travel accessories, purses, small leather goods, and clothing; bookbinding materials; printed photographs; photograph albums; stationery, namely, note pads, desk pads, writing pads, drawing pads, envelopes, note paper; calendars; pocket calendars; note books; telephone indexes; diary covers; diaries; office requisites, namely, letter trays, paper knives, ink stands, inkwells, paper weights, pencil holders, pen holders, pencil tubs, blotting pads, pencils, fountain pens, rubber erasers, pen cases; printing types; printing blocks; table linens of paper <br><br> IC 025: Clothing, namely, pullovers, vests, shirts, tee-shirts, trousers, jackets, suits, coats, rain coats, waterproof jackets, waterproof pants, overcoats, parkas, skirts, dresses, pajamas, dressing gowns, nightgowns, robe, gloves, neck ties, belts for clothing, leather belts, scarves, pocket squares, sashes for wear, shawls, stockings, socks, tights, braces for clothing, suspenders, stoles, underwear, lingerie, bathing suits; headwear; shoes; slippers; boots; half-boots |
|  | 1,519,828 | 01/10/1989 | IC 018: Trunks, valises, traveling bags, satchels, hat boxes and shoe boxes for luggage, hand bags, pocketbooks |
|  | 1,794,905 | 09/28/1993 | IC 016: Stationery, pads of stationery, calendars, indexes for articles made for travellers, notebooks, envelopes; writing paper, office requisites in the nature of writing pads, pencil holders, pen cases, pencil cases, nibs, nibs of gold, inkwells, inkstands <br><br> IC 025: Clothing for men and women; namely belts, shawls, sashes, scarves; footwear headgear |
|  | 2,361,695 | 06/27/2000 | IC 025: Clothing, namely, sweaters, shirts, sweatshirts, polo shirts, t-shirts, suits, waistcoats, raincoats, skirts, coats, pullovers, trousers, dresses, jackets, shawls, stoles, scarves, neckties, pocket squares, pocket handkerchief squares for wear, gloves, ties, belts, bathing suits, shoes, boots and sandals, hats |

| Mark | Reg. No. | Reg. Date | Class & Goods / Services |
|------|----------|-----------|--------------------------|
| **V** | 4,614,736 | 09/30/2014 | IC 016: Paper bags, boxes of cardboard or paper, cardboard and paperboard envelopes and pouches for packaging; plastic materials for packaging, namely, bags; posters; pamphlets referring to travel; postcards; catalogs featuring luggage, travel accessories, bags, small leather goods, and clothing; paper labels; trading cards; greeting cards; business cards; invitation cards; printed publications, namely, books, newspapers, leaflets, and magazines featuring luggage, travel accessories, purses, small leather goods, and clothing; bookbinding materials; printed photographs; photograph albums; stationery, namely, note pads, desk pads, writing pads, drawing pads, envelopes, note paper; calendars; pocket calendars; note books; telephone indexes; diary covers; diaries; office requisites, namely, letter trays, paper knives, ink stands, inkwells, paper weights, pencil holders, pen holders, pencil tubs, blotting pads, pencils, fountain pens, rubber erasers, pen cases; printing types; printing blocks; table linens of paper |

17. The Louis Vuitton Trademarks are in full force and effect, and many have become incontestable pursuant to 15 U.S.C. § 1065.

18. The U.S. registration certificates for the Louis Vuitton Trademarks constitute *prima facie* evidence of their validity and conclusive evidence of Louis Vuitton's exclusive right to use the Louis Vuitton Trademarks in connection with the goods identified therein, and are sufficient notice to Defendants of Louis Vuitton's ownership and exclusive rights in and to the Louis Vuitton Trademarks pursuant to 15 U.S.C. § 1115(a).

19. Louis Vuitton has invested millions of dollars and decades of time and effort to create consumer recognition in the Louis Vuitton Trademarks and to ensure that the public, not only in the United States but throughout the world, associates the Louis Vuitton Trademarks with high quality, luxury goods emanating exclusively from Louis Vuitton.

20. As a result of the wide renown acquired by the Louis Vuitton Trademarks, Louis Vuitton's worldwide reputation for high quality luxury goods, and the extensive sales of high quality, luxury handbags, small leather goods and other accessories marketed and sold under the Louis Vuitton Trademarks, the Louis Vuitton Trademarks have become famous in the mind of

7

the purchasing public within the meaning of 15 U.S.C. § 1125(c), exclusively identifying the handbags, small leather goods and other accessories offered under the Louis Vuitton Trademarks with a single source—Louis Vuitton. The Louis Vuitton Trademarks, and the goodwill associated therewith, are of inestimable value to Louis Vuitton.

**B.      Céline and the Céline Trademarks**

21.      Founded in Paris in 1945 and owned by LVMH since 1996, Céline is one of the premier luxury fashion houses in the world. Céline is a modern luxury brand offering a full range of leather goods, ready-to-wear clothing, shoes and accessories.

22.      In order to protect and maintain the image of the brand, Céline products are sold exclusively through company-owned and operated boutiques, and through authorized high-end retail stores and boutiques such as Saks Fifth Avenue, Barneys New York and Jeffrey.

23.      Céline is the owner of numerous famous and federally-registered trademarks, including the CÉLINE word mark (the "CÉLINE Trademark") and the three-dimensional configuration of its iconic "Luggage" handbag (the "Luggage Trademark") (collectively, the "Céline Trademarks"), which are registered for use in conjunction with a variety of goods, including, *inter alia*, handbags and accessories.

24.      The Céline Trademarks, which are registered with the USPTO, are listed in the table below, and true and correct copies of the U.S. registration certificates for the Céline Trademarks are attached hereto as **Exhibit B**:

| Mark | Reg. No. | Reg. Date | Class & Goods / Services |
|------|----------|-----------|--------------------------|
| **CÉLINE** | 1,000,156 | 12/24/1974 | IC 018: Leather goods-namely, purses, pouches, money bags, cardholders, wallets, passport and travel document cases, and handbags |
| CELINE | 1,744,898 | 01/05/1993 | IC 042: Retail clothing and accessories boutique services |

8

| Mark | Reg. No. | Reg. Date | Class & Goods / Services |
|------|----------|-----------|--------------------------|
| | 4,879,264 | 01/05/2016 | IC 018: Handbags |

25. The Céline Trademarks are in full force and effect, and each of the CÉLINE Trademark has become incontestable pursuant to 15 U.S.C. § 1065.

26. The U.S. registration certificates for the Céline Trademarks constitute *prima facie* evidence of their validity and conclusive evidence of Céline's exclusive right to use the Céline Trademarks in connection with the goods identified therein, and are sufficient notice to Defendants of Céline's ownership and exclusive rights in and to the Céline Trademarks pursuant to 15 U.S.C. § 1115(a).

27. Céline has invested millions of dollars and decades of time and effort to create consumer recognition in the Céline Trademarks and to ensure that the public, not only in the United States but throughout the world, associates the Céline Trademarks with high quality, luxury goods emanating exclusively from Céline.

28. As a result of the wide renown acquired by the Céline Trademarks, Céline's worldwide reputation for high quality and luxury goods, and the extensive sales of high quality, luxury handbags, small leather goods and other accessories marketed and sold under the Céline Trademarks, the Céline Trademarks have become famous in the mind of the purchasing public within the meaning of 15 U.S.C. § 1125(c), exclusively identifying the handbags, small leather goods and other accessories offered under the Céline Trademarks with a single source—Céline. The Céline Trademarks, and the goodwill associated therewith, are of inestimable value to Céline.

29. The Louis Vuitton Trademarks and Céline Trademarks are collectively referred to

9

herein as "Plaintiffs' Trademarks."

## DEFENDANTS' COUNTERFEITING AND INFRINGING ACTIVITIES

30.     Red Legend and Style Generation are wholesalers and retailers of handbags and accessories. Both entities, which are owned and controlled by Tching, operate out of a storefront located at 119 West 30th Street, New York, New York.

31.     Defendants also market, promote and sell their handbags and accessories through e-commerce websites located at www.168estore.com and www.style-gen.com.

32.     Defendants are manufacturing, importing, distributing, supplying, advertising, promoting, offering for sale and/or selling, and/or are causing to be manufactured, imported, distributed, supplied, advertised, promoted, offered for sale and/or sold, without authorization or license from Louis Vuitton, handbags and accessories bearing studied imitations of the Louis Vuitton Trademarks (the "Counterfeit and/or Infringing Louis Vuitton Products").

33.     Photographs of examples of the Counterfeit and/or Infringing Louis Vuitton Products manufactured, imported, distributed, supplied, advertised, promoted, offered for sale and/or sold by Defendants appear below, and are attached hereto as **Exhibit C**:






34.     Defendants are also manufacturing, importing, distributing, supplying,

advertising, promoting, offering for sale and/or selling, and/or are causing to be manufactured,

imported, distributed, supplied, advertised, promoted, offered for sale and/or sold, without

authorization or license from Céline, handbags bearing and/or constituting studied imitations of

the Céline Trademarks (the "Counterfeit and/or Infringing Céline Products").

35.     Photographs of examples of the Counterfeit and/or Infringing Céline Products

manufactured, imported, distributed, supplied, advertised, promoted, offered for sale and/or sold

by Defendants appear below, and are attached hereto as **Exhibit D**:

11







12



The Counterfeit and/or Infringing Louis Vuitton Products and Counterfeit and/or Infringing Céline Products are collectively referred to as the "Counterfeit and/or Infringing Products."

36. Rather than going to the effort and expense of developing and creating their own unique, source-identifying marks and designs, Defendants deliberately, knowingly and faithfully copied Plaintiffs' Trademarks. As a result, the Counterfeit and/or Infringing Products are likely to cause consumers, either at the point-of-sale or post-sale, to believe that such products are Plaintiffs' products, or authorized, sponsored, approved, endorsed or licensed by Plaintiffs, or are otherwise affiliated, associated, or connected with Plaintiffs.

37. The Counterfeit and/or Infringing Products are made with inferior materials, are poorly constructed, and are sold at prices far below the retail prices at which Plaintiffs' authentic products are sold.

38. Upon information and belief, Defendants were aware that Plaintiffs' Trademarks were famous marks owned by Plaintiffs at the time they began manufacturing, importing, exporting, distributing, supplying, advertising, promoting, offering for sale and/or selling the

13

Counterfeit and/or Infringing Products. Accordingly, upon information and belief, Defendants have been engaging in the above-described unlawful activities knowingly and intentionally, and/or with reckless disregard for Plaintiffs' rights in and to Plaintiffs' Trademarks.

39. Upon information and belief, Defendants intend to continue to manufacture, import, export, distribute, supply, advertise, promote, offer for sale and/or sell, and/or cause to be manufactured, imported, exported, distributed, supplied, advertised, promoted, offered for sale and/or sold, handbags and accessories bearing and/or constituting counterfeits and/or infringements of Plaintiffs' Trademarks, including, without limitation, the Counterfeit and/or Infringing Products, unless otherwise restrained by this Court.

40. Unless Defendants' unlawful conduct is enjoined, such conduct will severely inhibit and/or destroy the ability of Plaintiffs' Trademarks to identify Plaintiffs as the exclusive source of the handbags and accessories bearing and/or constituting Plaintiffs' Trademarks.

## FIRST CLAIM FOR RELIEF
## TRADEMARK COUNTERFEITING (15 U.S.C. § 1114)
## (Louis Vuitton — LOUIS VUITTON Trademark)

41. The allegations set forth in paragraphs 1 through 40 hereof are adopted and incorporated by reference as if fully set forth herein.

42. Defendants have used in commerce marks that are identical to or substantially indistinguishable from the LOUIS VUITTON Trademark on goods for which Louis Vuitton holds U.S. trademark registrations. Defendants have knowingly used these spurious marks for their own personal financial gain.

43. Louis Vuitton has not authorized Defendants' use of the LOUIS VUITTON Trademark and, upon information and belief, Defendants' use of the LOUIS VUITTON Trademark has caused, is intended to cause and is likely to continue to cause confusion, mistake and deception among the general consuming public and the trade as to the source of Defendants'

14

handbags and accessories, or as to a possible affiliation, connection or association between Louis Vuitton and Defendants.

44. Upon information and belief, Defendants have acted with knowledge of Louis Vuitton's ownership of the LOUIS VUITTON Trademark, and with the deliberate intent to unfairly benefit from the goodwill represented thereby.

45. Defendants' acts as described herein constitute willful trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

46. Upon information and belief, by their willful acts, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

47. Upon information and belief, Defendants intend to continue their unlawful conduct, and to willfully counterfeit the LOUIS VUITTON Trademark, unless restrained by this Court.

48. Defendants' acts have caused, and will continue to cause, irreparable injury to Louis Vuitton, and Louis Vuitton has no adequate remedy at law.

49. Defendants' egregious conduct makes this an exceptional case under Section 35 of the Lanham Act, 15 U.S.C. § 1117.

## SECOND CLAIM FOR RELIEF
## TRADEMARK COUNTERFEITING (15 U.S.C. § 1114)
### (Louis Vuitton — LV Design Trademark)

50. The allegations set forth in paragraphs 1 through 49 hereof are adopted and incorporated by reference as if fully set forth herein.

51. Defendants have used in commerce marks that are identical to or substantially indistinguishable from the LV Design Trademark on goods for which Louis Vuitton holds a U.S. trademark registration. Defendants have knowingly used these spurious marks for their own personal financial gain.

15

52.     Louis Vuitton has not authorized Defendants' use of the LV Design Trademark and, upon information and belief, Defendants' use of the LV Design Trademark has caused, is intended to cause and is likely to continue to cause confusion, mistake and deception among the general consuming public and the trade as to the source of Defendants' handbags and accessories, or as to a possible affiliation, connection or association between Louis Vuitton and Defendants.

53.     Upon information and belief, Defendants have acted with knowledge of Louis Vuitton's ownership of the LV Design Trademark, and with the deliberate intent to unfairly benefit from the goodwill represented thereby.

54.     Defendants' acts as described herein constitute willful trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

55.     Upon information and belief, by their willful acts, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

56.     Upon information and belief, Defendants intend to continue their unlawful conduct, and to willfully counterfeit the LV Design Trademark, unless restrained by this Court.

57.     Defendants' acts have caused, and will continue to cause, irreparable injury to Louis Vuitton, and Louis Vuitton has no adequate remedy at law.

58.     Defendants' egregious conduct makes this an exceptional case under Section 35 of the Lanham Act, 15 U.S.C. § 1117.

## THIRD CLAIM FOR RELIEF
## TRADEMARK COUNTERFEITING (15 U.S.C. § 1114)
### (Céline — CÉLINE Trademark)

59.     The allegations set forth in paragraphs 1 through 58 hereof are adopted and incorporated by reference as if fully set forth herein.

60.     Defendants have used in commerce marks that are identical to or substantially

16

indistinguishable from the CÉLINE Trademark, on goods for which Céline holds a U.S. trademark registration. Defendants have knowingly used these spurious marks for their own personal financial gain.

61. Céline has not authorized Defendants' use of the CÉLINE Trademark and, upon information and belief, Defendants' use of the CÉLINE Trademark has caused, is intended to cause and is likely to continue to cause confusion, mistake and deception among the general consuming public and the trade as to the source of Defendants' handbags and accessories, or as to a possible affiliation, connection or association between Céline and Defendants.

62. Upon information and belief, Defendants have acted with knowledge of Céline's ownership of the CÉLINE Trademark, and with the deliberate intent to unfairly benefit from the goodwill represented thereby.

63. Defendants' acts as described herein constitute willful trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

64. Upon information and belief, by their willful acts, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

65. Upon information and belief, Defendants intend to continue their unlawful conduct, and to willfully counterfeit the CÉLINE Trademark, unless restrained by this Court.

66. Defendants' acts have caused, and will continue to cause, irreparable injury to Céline, and Céline has no adequate remedy at law.

67. Defendants' egregious conduct makes this an exceptional case under Section 35 of the Lanham Act, 15 U.S.C. § 1117.

17

## FOURTH CLAIM FOR RELIEF
## TRADEMARK COUNTERFEITING (15 U.S.C. § 1114)
## (Céline — The Luggage Trademark)

68. The allegations set forth in paragraphs 1 through 67 hereof are adopted and incorporated by reference as if fully set forth herein.

69. Defendants have used in commerce a three-dimensional handbag design that is identical to or substantially indistinguishable from the Luggage Trademark for which Céline holds a U.S. trademark registration. Defendants have used this spurious mark for their own personal financial gain.

70. Céline has not authorized Defendants' use of the Luggage Trademark and, upon information and belief, Defendants' use of the Luggage Trademark has caused, is intended to cause and is likely to continue to cause confusion, mistake and deception among the general consuming public and the trade as to the source of Defendants' handbags, or as to a possible affiliation, connection or association between Céline and Defendants.

71. Upon information and belief, Defendants have acted with knowledge of Céline's ownership of the Luggage Trademark, and with the deliberate intent to unfairly benefit from the goodwill represented thereby.

72. Defendants' acts as described herein constitute willful trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

73. Upon information and belief, by their willful acts, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

74. Upon information and belief, Defendants intend to continue their unlawful conduct, and to willfully counterfeit the Luggage Trademark, unless restrained by this Court.

75. Defendants' acts have caused, and will continue to cause, irreparable injury to Céline, and Céline has no adequate remedy at law.

18

76. Defendants' egregious conduct makes this an exceptional case under Section 35 of the Lanham Act, 15 U.S.C. § 1117.

## FIFTH CLAIM FOR RELIEF
## TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)
### (Louis Vuitton — LOUIS VUITTON Trademark)

77. The allegations set forth in paragraphs 1 through 76 hereof are adopted and incorporated by reference as if fully set forth herein.

78. Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a), prohibits any person from using in commerce, without consent of the registrant, a trademark or any reproduction, counterfeit, copy or colorable imitation thereof in connection with the marketing, advertising, distribution, or sale of goods or services which is likely to result in confusion, mistake or deception.

79. The LOUIS VUITTON Trademark is federally registered, and is distinctive and exclusively associated in the mind of the public with Louis Vuitton.

80. Defendants have willfully used the LOUIS VUITTON Trademark without Louis Vuitton's consent or authorization. Defendants' unauthorized use, including the promotion and sale of the Counterfeit and/or Infringing Louis Vuitton Products in interstate commerce, is likely to cause confusion and mistake in the mind of the public, leading the public to mistakenly believe that Defendants' handbags and accessories emanate or originate with Louis Vuitton, that Defendants' products are Louis Vuitton products, or that Louis Vuitton has approved, sponsored or otherwise associated itself with Defendants or the Counterfeit and/or Infringing Louis Vuitton Products.

81. Through their unauthorized use of copies of the LOUIS VUITTON Trademark, Defendants are unfairly benefiting from Louis Vuitton's advertising and promotion of the LOUIS VUITTON Trademark. This has resulted in substantial and irreparable injury to the

19

public, Louis Vuitton, the LOUIS VUITTON Trademark, and Louis Vuitton's business reputation and goodwill.

82.     Defendants' acts as described herein constitute willful trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

83.     Upon information and belief, Defendants intend to continue their unlawful conduct, and to willfully infringe the LOUIS VUITTON Trademark, unless restrained by this Court.

84.     Defendants' acts have caused, and will continue to cause, irreparable injury to Louis Vuitton, and Louis Vuitton has no adequate remedy at law.

85.     Defendants' egregious conduct makes this an exceptional case under Section 35 of the Lanham Act, 15 U.S.C. § 1117.

## SIXTH CLAIM FOR RELIEF
## TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)
## (Louis Vuitton — LV Design Trademark)

86.     The allegations set forth in paragraphs 1 through 85 hereof are adopted and incorporated by reference as if fully set forth herein.

87.     Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a), prohibits any person from using in commerce, without consent of the registrant, a trademark or any reproduction, counterfeit, copy or colorable imitation thereof in connection with the marketing, advertising, distribution, or sale of goods or services which is likely to result in confusion, mistake or deception.

88.     The LV Design Trademark is federally registered, and is distinctive and exclusively associated in the mind of the public with Louis Vuitton.

89.     Defendants have willfully used the LV Design Trademark without Louis Vuitton's consent or authorization. Defendants' unauthorized use, including the promotion and

20

sale of the Counterfeit and/or Infringing Louis Vuitton Products in interstate commerce, is likely to cause confusion and mistake in the mind of the public, leading the public to mistakenly believe that Defendants' handbags and accessories emanate or originate with Louis Vuitton, that Defendants' products are Louis Vuitton products, or that Louis Vuitton has approved, sponsored or otherwise associated itself with Defendants or the Counterfeit and/or Infringing Louis Vuitton Products.

90.     Through their unauthorized use of copies of the LV Design Trademark, Defendants are unfairly benefiting from Louis Vuitton's advertising and promotion of the LV Design Trademark. This has resulted in substantial and irreparable injury to the public, Louis Vuitton, the LV Design Trademark, and Louis Vuitton's business reputation and goodwill.

91.     Defendants' acts as described herein constitute willful trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

92.     Upon information and belief, Defendants intend to continue their unlawful conduct, and to willfully infringe the LV Design Trademark, unless restrained by this Court.

93.     Defendants' acts have caused, and will continue to cause, irreparable injury to Louis Vuitton, and Louis Vuitton has no adequate remedy at law.

94.     Defendants' egregious conduct makes this an exceptional case under Section 35 of the Lanham Act, 15 U.S.C. § 1117.

## SEVENTH CLAIM FOR RELIEF
## TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)
## (Céline — CÉLINE Trademark)

95.     The allegations set forth in paragraphs 1 through 94 hereof are adopted and incorporated by reference as if fully set forth herein.

96.     Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a), prohibits any person from using in commerce, without consent of the registrant, a trademark or any reproduction,

21

counterfeit, copy or colorable imitation thereof in connection with the marketing, advertising, distribution, or sale of goods or services which is likely to result in confusion, mistake or deception.

97. The CÉLINE Trademark is federally registered, and is distinctive and exclusively associated in the mind of the public with Céline.

98. Defendants have willfully used the CÉLINE Trademark without Céline's consent or authorization. Defendants' unauthorized use, including the promotion and sale of the Counterfeit and/or Infringing Céline Products in interstate commerce, is likely to cause confusion and mistake in the mind of the public, leading the public to mistakenly believe that Defendants' handbags and accessories emanate or originate with Céline, that Defendants' products are Céline products, or that Céline has approved, sponsored or otherwise associated itself with Defendants or the Counterfeit and/or Infringing Céline Products.

99. Through their unauthorized use of copies of the CÉLINE Trademark, Defendants are unfairly benefiting from Céline's advertising and promotion of the CÉLINE Trademark. This has resulted in substantial and irreparable injury to the public, Céline, the CÉLINE Trademark, and Céline's business reputation and goodwill.

100. Defendants' acts as described herein constitute willful trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

101. Upon information and belief, Defendants intend to continue their unlawful conduct, and to willfully infringe the CÉLINE Trademark, unless restrained by this Court.

102. Defendants' acts have caused, and will continue to cause, irreparable injury to Céline, and Céline has no adequate remedy at law.

103. Defendants' egregious conduct makes this an exceptional case under Section 35 of the Lanham Act, 15 U.S.C. § 1117.

22

## EIGHTH CLAIM FOR RELIEF
## TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)
## (Céline — Luggage Trademark)

104. The allegations set forth in paragraphs 1 through 103 hereof are adopted and incorporated by reference as if fully set forth herein.

105. Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a), prohibits any person from using in commerce, without consent of the registrant, a trademark or any reproduction, counterfeit, copy or colorable imitation thereof in connection with the marketing, advertising, distribution, or sale of goods or services which is likely to result in confusion, mistake or deception.

106. The Luggage Trademark is federally registered, and is distinctive and exclusively associated in the mind of the public with Céline.

107. Defendants have willfully used the Luggage Trademark without Céline's consent or authorization. Defendants' unauthorized use, including the promotion and sale of the Counterfeit and/or Infringing Céline Products in interstate commerce, is likely to cause confusion and mistake in the mind of the public, leading the public to mistakenly believe that Defendants' handbags emanate or originate with Céline, that Defendants' products are Céline products, or that Céline has approved, sponsored or otherwise associated itself with Defendants or the Counterfeit and/or Infringing Céline Products.

108. Through their unauthorized use of copies of the Luggage Trademark, Defendants are unfairly benefiting from Céline's advertising and promotion of the Luggage Trademark. This has resulted in substantial and irreparable injury to the public, Céline, the Luggage Trademark, and Céline's business reputation and goodwill.

109. Defendants' acts as described herein constitute willful trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

23

110. Upon information and belief, Defendants intend to continue their unlawful conduct, and to willfully infringe the Luggage Trademark, unless restrained by this Court.

111. Defendants' acts have caused, and will continue to cause, irreparable injury to Céline, and Céline has no adequate remedy at law.

112. Defendants' egregious conduct makes this an exceptional case under Section 35 of the Lanham Act, 15 U.S.C. § 1117.

## NINTH CLAIM FOR RELIEF
## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))
## (Louis Vuitton)

113. The allegations set forth in paragraphs 1 through 112 hereof are adopted and incorporated by reference as if fully set forth herein.

114. Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), prohibits, *inter alia*, the use by a person of a false or misleading designation of origin or representation in connection with the offering for sale and/or sale of goods which is likely to cause confusion, mistake or deception as to the affiliation, connection, or association of such person to another person, or which is likely to cause confusion, mistake or deception as to the origin, source, sponsorship or approval of such goods.

115. By making unauthorized use in interstate commerce of the Louis Vuitton Trademarks, Defendants have used false designations of origin and false representations in connection with the importation, distribution, advertising, promotion, offer for sale and/or sale of goods that are likely to cause confusion, mistake or deception as to Defendants' affiliation or connection with Louis Vuitton, and as to the origin, sponsorship, association or approval of the Counterfeit and/or Infringing Louis Vuitton Products in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

116. Upon information and belief, Defendants' wrongful acts will continue unless

24

enjoined by this Court.

117. Defendants' acts have caused, and will continue to cause, irreparable injury to Louis Vuitton, and Louis Vuitton has no adequate remedy at law.

## TENTH CLAIM FOR RELIEF
## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))
## (Céline)

118. The allegations set forth in paragraphs 1 through 117 hereof are adopted and incorporated by reference as if fully set forth herein.

119. Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), prohibits, *inter alia*, the use by a person of a false or misleading designation of origin or representation in connection with the offering for sale and/or sale of goods which is likely to cause confusion, mistake or deception as to the affiliation, connection, or association of such person to another person, or which is likely to cause confusion, mistake or deception as to the origin, source, sponsorship or approval of such goods.

120. By making unauthorized use in interstate commerce of the Céline Trademarks, Defendants have used false designations of origin and false representations in connection with the advertising, promotion, offer for sale and/or sale of goods that are likely to cause confusion, mistake or deception as to Defendants' affiliation or connection with Céline, and as to the origin, sponsorship, association or approval of the Counterfeit and/or Infringing Céline Products in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

121. Upon information and belief, Defendants' wrongful acts will continue unless enjoined by this Court.

122. Defendants' acts have caused, and will continue to cause, irreparable injury to Céline, and Céline has no adequate remedy at law.

25

## ELEVENTH CLAIM FOR RELIEF
## DILUTION (15 U.S.C. § 1125(c))
## (Louis Vuitton — LOUIS VUITTON Trademark)

123.    The allegations set forth in paragraphs 1 through 122 hereof are adopted and incorporated by reference as if fully set forth herein.

124.    The LOUIS VUITTON Trademark is famous and distinctive within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), and has been famous and distinctive since long before Defendants adopted and began manufacturing, importing, distributing, supplying, advertising, promoting, offering for sale and/or selling the Counterfeit and/or Infringing Louis Vuitton Products.

125.    Defendants' manufacture, importation, distribution, supplying, advertising, promotion, offering for sale and/or sale of the Counterfeit and/or Infringing Louis Vuitton Products constitutes commercial use of the LOUIS VUITTON Trademark, and Louis Vuitton has not authorized or licensed such use by Defendants.

126.    Defendants' Counterfeit and/or Infringing Louis Vuitton Products feature marks so similar to the famous LOUIS VUITTON Trademark that they have impaired or are likely to impair in the minds of consumers the distinctiveness of the LOUIS VUITTON Trademark. Defendants' promotion and sale of the Counterfeit and/or Infringing Louis Vuitton Products thereby dilutes or is likely to dilute the distinctive qualities of the LOUIS VUITTON Trademark and to lessen the capacity of such mark to uniquely identify and distinguish Louis Vuitton's goods.

127.    Defendants' unlawful use of carefully studied copies of the LOUIS VUITTON Trademark in connection with inferior quality goods is also likely to tarnish the reputation of the LOUIS VUITTON Trademark through unsavory or unflattering associations with those goods by consumers.

26

128. By the acts described herein, Defendants have intentionally and willfully diluted, and/or are likely to dilute, the distinctive quality of the famous LOUIS VUITTON Trademark in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

129. Upon information and belief, Defendants' wrongful acts will continue unless enjoined by this Court.

130. Defendants' acts have caused, and will continue to cause, irreparable injury to Louis Vuitton, and Louis Vuitton has no adequate remedy at law.

## TWELFTH CLAIM FOR RELIEF
## DILUTION (15 U.S.C. § 1125(c))
## (Louis Vuitton — LV Design Trademark)

131. The allegations set forth in paragraphs 1 through 130 hereof are adopted and incorporated by reference as if fully set forth herein.

132. The LV Design Trademark is famous and distinctive within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), and has been famous and distinctive since long before Defendants adopted and began manufacturing, importing, distributing, supplying, advertising, promoting, offering for sale and/or selling the Counterfeit and/or Infringing Louis Vuitton Products.

133. Defendants' manufacture, importation, distribution, supplying, advertising, promotion, offering for sale and/or sale of the Counterfeit and/or Infringing Louis Vuitton Products constitutes commercial use of the LV Design Trademark, and Louis Vuitton has not authorized or licensed such use by Defendants.

134. Defendants' Counterfeit and/or Infringing Louis Vuitton Products feature marks so similar to the famous LV Design Trademark that they have impaired or are likely to impair in the minds of consumers the distinctiveness of the LV Design Trademark. Defendants' promotion and sale of the Counterfeit and/or Infringing Louis Vuitton Products thereby dilutes or

27

is likely to dilute the distinctive qualities of the LV Design Trademark and to lessen the capacity of such mark to uniquely identify and distinguish Louis Vuitton's goods.

135.    Defendants' unlawful use of carefully studied copies of the LV Design Trademark in connection with inferior quality goods is also likely to tarnish the reputation of the LV Design Trademark through unsavory or unflattering associations with those goods by consumers.

136.    By the acts described herein, Defendants have intentionally and willfully diluted, and/or are likely to dilute, the distinctive quality of the famous LV Design Trademark in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

137.    Upon information and belief, Defendants' wrongful acts will continue unless enjoined by this Court.

138.    Defendants' acts have caused, and will continue to cause, irreparable injury to Louis Vuitton, and Louis Vuitton has no adequate remedy at law.

## THIRTEENTH CLAIM FOR RELIEF
### DILUTION (15 U.S.C. § 1125(c))
### (Céline — CÉLINE Trademark)

139.    The allegations set forth in paragraphs 1 through 138 hereof are adopted and incorporated by reference as if fully set forth herein.

140.    The CÉLINE Trademark is famous and distinctive within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), and has been famous and distinctive since long before Defendants adopted and began manufacturing, importing, distributing, supplying, advertising, promoting, offering for sale and/or selling the Counterfeit and/or Infringing Céline Products.

141.    Defendants' manufacture, importation, distribution, supplying, advertising, promotion, offering for sale and/or sale of the Counterfeit and/or Infringing Céline Products constitutes commercial use of the CÉLINE Trademark, and Céline has not authorized or licensed

28

such use by Defendants.

142. Defendants' Counterfeit and/or Infringing Céline Products feature marks so similar to the famous CÉLINE Trademark that they have impaired or are likely to impair in the minds of consumers the distinctiveness of the CÉLINE Trademark. Defendants' promotion and sale of the Counterfeit and/or Infringing Céline Products thereby dilutes or is likely to dilute the distinctive qualities of the CÉLINE Trademark and to lessen the capacity of such mark to uniquely identify and distinguish Céline's goods.

143. Defendants' unlawful use of carefully studied copies of the CÉLINE Trademark in connection with inferior quality goods is also likely to tarnish the reputation of the CÉLINE Trademark through unsavory or unflattering associations with those goods by consumers.

144. By the acts described herein, Defendants have intentionally and willfully diluted, and/or are likely to dilute, the distinctive quality of the famous CÉLINE Trademark in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

145. Upon information and belief, Defendants' wrongful acts will continue unless enjoined by this Court.

146. Defendants' acts have caused, and will continue to cause, irreparable injury to Céline, and Céline has no adequate remedy at law.

## FOURTEENTH CLAIM FOR RELIEF
## DILUTION (N.Y. Gen. Bus. Law § 360-l)
## (Louis Vuitton — LOUIS VUITTON Trademark)

147. The allegations set forth in paragraphs 1 through 146 hereof are adopted and incorporated by reference as if fully set forth herein.

148. Louis Vuitton is the exclusive owner of the LOUIS VUITTON Trademark nationwide, including in the State of New York.

149. By virtue of its prominent, long and continuous use in commerce, including in the

29

State of New York, the LOUIS VUITTON Trademark has become and continues to be famous and distinctive.

150. Consumers are likely to purchase Defendants' Counterfeit and/or Infringing Louis Vuitton Products in the erroneous belief that Defendants are associated with, sponsored by or otherwise affiliated with Louis Vuitton, or that Louis Vuitton is the source of the Counterfeit and/or Infringing Louis Vuitton Products. Defendants' unauthorized use of copies of the LOUIS VUITTON Trademark also blurs the distinctive qualities of the LOUIS VUITTON Trademark and lessens the capacity of the LOUIS VUITTON Trademark to identify and distinguish Louis Vuitton products. Defendants' unauthorized use of copies of the LOUIS VUITTON Trademark in connection with inferior goods is also likely to tarnish the reputation of the LOUIS VUITTON Trademark. All of these acts thereby decrease the value of the LOUIS VUITTON Trademark as a unique and positive identifier of Louis Vuitton products.

151. By the acts described herein, Defendants have diluted the distinctiveness of the LOUIS VUITTON Trademark and have caused a likelihood of harm to Louis Vuitton's reputation in violation of Section 360-l of the New York General Business Law.

152. Upon information and belief, Defendants' wrongful acts will continue unless enjoined by this Court.

153. Defendants' acts have caused, and will continue to cause, irreparable injury to Louis Vuitton, and Louis Vuitton has no adequate remedy at law.

## FIFTEENTH CLAIM FOR RELIEF
## DILUTION (N.Y. Gen. Bus. Law § 360-l)
## (Louis Vuitton — LV Design Trademark)

154. The allegations set forth in paragraphs 1 through 153 hereof are adopted and incorporated by reference as if fully set forth herein.

155. Louis Vuitton is the exclusive owner of the LV Design Trademark nationwide,

30

including in the State of New York.

156.    By virtue of its prominent, long and continuous use in commerce, including in the State of New York, the LV Design Trademark has become and continues to be famous and distinctive.

157.    Consumers are likely to purchase Defendants' Counterfeit and/or Infringing Louis Vuitton Products in the erroneous belief that Defendants are associated with, sponsored by or otherwise affiliated with Louis Vuitton, or that Louis Vuitton is the source of the Counterfeit and/or Infringing Louis Vuitton Products. Defendants' unauthorized use of copies of the LV Design Trademark also blurs the distinctive qualities of the LV Design Trademark and lessens the capacity of the LV Design Trademark to identify and distinguish Louis Vuitton products. Defendants' unauthorized use of copies of the LV Design Trademark in connection with inferior goods is also likely to tarnish the reputation of the LV Design Trademark. All of these acts thereby decrease the value of the LV Design Trademark as a unique and positive identifier of Louis Vuitton products.

158.    By the acts described herein, Defendants have diluted the distinctiveness of the LV Design Trademark and have caused a likelihood of harm to Louis Vuitton's reputation in violation of Section 360-l of the New York General Business Law.

159.    Upon information and belief, Defendants' wrongful acts will continue unless enjoined by this Court.

160.    Defendants' acts have caused, and will continue to cause, irreparable injury to Louis Vuitton, and Louis Vuitton has no adequate remedy at law.

## SIXTEENTH CLAIM FOR RELIEF
## DILUTION (N.Y. Gen. Bus. Law § 360-l)
## (Céline — CÉLINE Trademark)

161.     The allegations set forth in paragraphs 1 through 160 hereof are adopted and incorporated by reference as if fully set forth herein.

162.     Céline is the exclusive owner of the CÉLINE Trademark nationwide, including in the State of New York.

163.     By virtue of its prominent, long and continuous use in commerce, including in the State of New York, the CÉLINE Trademark has become and continues to be famous and distinctive.

164.     Consumers are likely to purchase Defendants' Counterfeit and/or Infringing Céline Products in the erroneous belief that Defendants are associated with, sponsored by or otherwise affiliated with Céline, or that Céline is the source of the Counterfeit and/or Infringing Céline Products. Defendants' unauthorized use of copies of the CÉLINE Trademark also blurs the distinctive qualities of the CÉLINE Trademark and lessens the capacity of the CÉLINE Trademark to identify and distinguish Céline products. Defendants' unauthorized use of copies of the CÉLINE Trademark in connection with inferior goods is also likely to tarnish the reputation of the CÉLINE Trademark. All of these acts thereby decrease the value of the CÉLINE Trademark as a unique and positive identifier of Céline products.

165.     By the acts described herein, Defendants have diluted the distinctiveness of the CÉLINE Trademark and have caused a likelihood of harm to Céline's reputation in violation of Section 360-l of the New York General Business Law.

166.     Upon information and belief, Defendants' wrongful acts will continue unless enjoined by this Court.

167.     Defendants' acts have caused, and will continue to cause, irreparable injury to

32

Céline, and Céline has no adequate remedy at law.

## SEVENTEENTH CLAIM FOR RELIEF
## TRADEMARK INFRINGEMENT UNDER COMMON LAW
## (Louis Vuitton — LOUIS VUITTON Trademark)

168. The allegations set forth in paragraphs 1 through 167 hereof are adopted and

incorporated by reference as if fully set forth herein.

169. By the acts described herein, Defendants have intentionally infringed the LOUIS

VUITTON Trademark in violation of the common law of the State of New York.

170. Defendants' acts have caused, and will continue to cause, irreparable injury to

Louis Vuitton, and Louis Vuitton has no adequate remedy at law.

## EIGHTEENTH CLAIM FOR RELIEF
## TRADEMARK INFRINGEMENT UNDER COMMON LAW
## (Louis Vuitton — LV Design Trademark)

171. The allegations set forth in paragraphs 1 through 170 hereof are adopted and

incorporated by reference as if fully set forth herein.

172. By the acts described herein, Defendants have intentionally infringed the LV

Design Trademark in violation of the common law of the State of New York.

173. Defendants' acts have caused, and will continue to cause, irreparable injury to

Louis Vuitton, and Louis Vuitton has no adequate remedy at law.

## NINETEENTH CLAIM FOR RELIEF
## TRADEMARK INFRINGEMENT UNDER COMMON LAW
## (Céline — CÉLINE Trademark)

174. The allegations set forth in paragraphs 1 through 173 hereof are adopted and

incorporated by reference as if fully set forth herein.

175. By the acts described herein, Defendants have intentionally infringed the CÉLINE

Trademark in violation of the common law of the State of New York.

176. Defendants' acts have caused, and will continue to cause, irreparable injury to

33

Céline, and Céline has no adequate remedy at law.

## TWENTIETH CLAIM FOR RELIEF
## TRADEMARK INFRINGEMENT UNDER COMMON LAW
### (Céline — Luggage Trademark)

177. The allegations set forth in paragraphs 1 through 176 hereof are adopted and

incorporated by reference as if fully set forth herein.

178. By the acts described herein, Defendants have intentionally infringed the Luggage

Trademark in violation of the common law of the State of New York.

179. Defendants' acts have caused, and will continue to cause, irreparable injury to

Céline, and Céline has no adequate remedy at law.

## TWENTY-FIRST CLAIM FOR RELIEF
## UNFAIR COMPETITION UNDER COMMON LAW
### (Louis Vuitton)

180. The allegations set forth in paragraphs 1 through 179 hereof are adopted and

incorporated by reference as if fully set forth herein.

181. By the acts described herein, Defendants have intentionally engaged in unfair

competition with respect to Louis Vuitton in violation of the common law of the State of New

York.

182. Defendants' acts have caused, and will continue to cause, irreparable injury to

Louis Vuitton, and Louis Vuitton has no adequate remedy at law.

## TWENTY-SECOND CLAIM FOR RELIEF
## UNFAIR COMPETITION UNDER COMMON LAW
### (Céline)

183. The allegations set forth in paragraphs 1 through 182 hereof are adopted and

incorporated by reference as if fully set forth herein.

184. By the acts described herein, Defendants have intentionally engaged in unfair

competition with respect to Céline in violation of the common law of the State of New York.

34

185. Defendants' acts have caused, and will continue to cause, irreparable injury to

Céline, and Céline has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Louis Vuitton and Céline demand judgment against Red Legend, Style

Generation and Tching as follows:

1.  For judgment that Red Legend, Style Generation and Tching each:

    (a)  willfully counterfeited and infringed the LOUIS VUITTON Trademark in violation of Section 32(a) of the Lanham Act, 15 U.S.C. § 1114(a);

    (b)  willfully counterfeited and infringed the LV Design Trademark in violation of Section 32(a) of the Lanham Act, 15 U.S.C. § 1114(a);

    (c)  willfully counterfeited and infringed the CÉLINE Trademark in violation of Section 32(a) of the Lanham Act, 15 U.S.C. § 1114(a);

    (d)  willfully counterfeited and infringed the Luggage Trademark in violation of Section 32(a) of the Lanham Act, 15 U.S.C. § 1114(a);

    (e)  willfully violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), with respect to Louis Vuitton;

    (f)  willfully violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), with respect to Céline;

    (g)  willfully diluted the LOUIS VUITTON Trademark in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c);

    (h)  willfully diluted the LV Design Trademark in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c);

    (i)  willfully diluted the CÉLINE Trademark in violation of Section 43(c) of the Lanham Act 15 U.S.C. § 1125(c);

    (j)  willfully diluted the LOUIS VUITTON Trademark in violation of Section 360-l of the New York General Business Law;

    (k)  willfully diluted the LV Design Trademark in violation of Section 360-l of the New York General Business Law;

    (l)  willfully diluted the CÉLINE Trademark in violation of Section 360-l of the New York General Business Law;

35

(m)   willfully infringed the LOUIS VUITTON Trademark in violation of the common law of the State of New York;

(n)   willfully infringed the LV Design Trademark in violation of the common law of the State of New York;

(o)   willfully infringed the CÉLINE Trademark in violation of the common law of the State of New York;

(p)   willfully infringed the Luggage Trademark in violation of the common law of the State of New York;

(q)   engaged in unfair competition as against Louis Vuitton in violation of the common law of the State of New York; and

(r)   engaged in unfair competition as against Céline in violation of the common law of the State of New York.

2.   That a preliminary and permanent injunction be issued enjoining and restraining

Red Legend, Style Generation and Tching, and their respective officers, agents, servants,

employees and attorneys, and all those in active concert or participation with them, from:

(a)   using the LOUIS VUITTON Trademark, or any reproduction, counterfeit, copy or colorable imitation of the LOUIS VUITTON Trademark, on or in connection with any goods or services;

(b)   using the LV Design Trademark, or any reproduction, counterfeit, copy or colorable imitation of the LV Design Trademark, on or in connection with any goods or services;

(c)   using the CÉLINE Trademark, or any reproduction, counterfeit, copy or colorable imitation of the CÉLINE Trademark, on or in connection with any goods or services;

(d)   using the Luggage Trademark, or any reproduction, counterfeit, copy or colorable imitation of the Luggage Trademark, on or in connection with any goods or services;

(e)   using any false designation or representation of origin in connection with the offering for sale or sale of goods, or any false description or representation, including words or other symbols, tending falsely to describe or represent Defendants as Louis Vuitton or associated or connected to Louis Vuitton, or Defendants' goods as being those of Louis Vuitton, or sponsored by or as being associated with Louis Vuitton, and from offering such goods in commerce;

36

(f)     using any false designation or representation of origin in connection with the offering for sale or sale of goods or false description or representation, including words or other symbols, tending falsely to describe or represent Defendants as Céline or associated or connected to Céline, or Defendants' goods as being those of Céline, or sponsored by or as being associated with Céline, and from offering such goods in commerce;

(g)     using any simulation, reproduction, counterfeit, copy, colorable imitation of the LOUIS VUITTON Trademark in connection with the promotion, advertisement, display, sale, offer for sale, manufacture, production, importation, circulation or distribution of any products or their packaging;

(h)     using any simulation, reproduction, counterfeit, copy, colorable imitation of the LV Design Trademark in connection with the promotion, advertisement, display, sale, offer for sale, manufacture, production, importation, circulation or distribution of any products or their packaging;

(i)     using any simulation, reproduction, counterfeit, copy, colorable imitation of the CÉLINE Trademark in connection with the promotion, advertisement, display, sale, offer for sale, manufacture, production, importation, circulation or distribution of any products or their packaging;

(j)     using any simulation, reproduction, counterfeit, copy, colorable imitation of the Luggage Trademark in connection with the promotion, advertisement, display, sale, offer for sale, manufacture, production, importation, circulation or distribution of any products or their packaging;

(k)     engaging in any course of conduct likely to cause confusion, deception or mistake, or to injure Louis Vuitton's business reputation or dilute the distinctive quality of the LOUIS VUITTON Trademark;

(l)     engaging in any course of conduct likely to cause confusion, deception or mistake, or to injure Louis Vuitton's business reputation or dilute the distinctive quality of the LV Design Trademark;

(m)     engaging in any course of conduct likely to cause confusion, deception or mistake, or to injure Céline's business reputation or dilute the distinctive quality of the CÉLINE Trademark;

(n)     making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any products manufactured, imported, distributed, advertised, promoted, offered for sale or sold by Defendants are in any manner associated or connected with Louis Vuitton, or that Defendants are Louis Vuitton or are associated with or connected to Louis Vuitton;

37

(o)     making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any products manufactured, imported, distributed, advertised, promoted, offered for sale or sold by Defendants are in any manner associated or connected with Céline, or that Defendants are Céline or are associated with or connected to Céline;

(p)     destroying, altering, removing or otherwise disposing of the unauthorized products or any books or any records which contain any information relating to the manufacture, production, importation, distribution, marketing, promotion, offering for sale and sale of products which infringe the Louis Vuitton Trademarks;

(q)     destroying, altering, removing or otherwise disposing of with the unauthorized products or any books or any records which contain any information relating to the manufacture, production, importation, distribution, marketing, promotion, offering for sale and sale of products which infringe the Céline Trademarks; and

(r)     effecting assignments or transfers, forming new entities or associations or utilizing any other devises for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs 1(a) through 1(q).

3.     For the entry of an order directing Defendants to deliver up for destruction to

Louis Vuitton all products, advertisements, promotional materials and packaging in its

possession or under its control bearing the Louis Vuitton Trademarks, or any simulation,

reproduction, counterfeit, copy or colorable imitation thereof, or any false designation of origin

or false representation, and all plates, molds, matrices and other means of production of the

same, pursuant to Section 36 of the Lanham Act, 15 U.S.C. § 1118.

4.     For the entry of an order directing Defendants to deliver up for destruction to

Céline all products, advertisements, promotional materials and packaging in its possession or

under its control bearing the Céline Trademarks, or any simulation, reproduction, counterfeit,

copy or colorable imitation thereof, or any false designation of origin or false representation, and

all plates, molds, matrices and other means of production of the same, pursuant to Section 36 of

the Lanham Act, 15 U.S.C. § 1118.

38

5. For an award to Louis Vuitton of (a) the damages suffered by Louis Vuitton arising out of Defendants' unlawful conduct, trebled, (b) all profits that Defendants realized from the unauthorized use of the Louis Vuitton Trademark, (c) alternatively, statutory damages pursuant to Section 35(c) of the Lanham Act, 15 U.S.C. § 1117(c), of up to $2,000,000 per mark, (d) its costs and attorneys' fees to the full extent provided for by Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a), (e) Defendants' profits, its damages and attorneys' fees, to the full extent available, pursuant to Section 360-l of the New York General Business Law and common law of the State of New York, and (f) punitive damages to the full extent available under the law.

6. For an award to Céline of (a) the damages suffered by Céline arising out of Defendants' unlawful conduct, trebled, (b) all profits that Defendants realized from the unauthorized use of the Céline Trademark, (c) alternatively, statutory damages pursuant to Section 35(c) of the Lanham Act, 15 U.S.C. § 1117(c), of up to $2,000,000 per mark, (d) its costs and attorneys' fees to the full extent provided for by Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a), (e) Defendants' profits, its damages and attorneys' fees, to the full extent available, pursuant to Section 360-l of the New York General Business Law and common law of the State of New York, and (f) punitive damages to the full extent available under the law.

7. That Louis Vuitton and Céline each be awarded pre-judgment and post-judgment interest on any monetary award made part of the judgment against Defendants in each party's favor.

8. That Louis Vuitton and Céline each be awarded such additional and further relief as the Court deems just and proper.

Dated: New York, New York
        October 24, 2016

ARNOLD & PORTER LLP

By:

Louis S. Ederer
Matthew T. Salzmann
Maxwell C. Preston
399 Park Avenue
New York, New York 10022
Phone (212) 715-1000
Fax (212) 715-1399

*Attorneys for Plaintiffs*
*Louis Vuitton Malletier, S.A.*
*and Céline, S.A.*

40