USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: 11/8/2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LOUIS VUITTON MALLETIER, S.A. and
CÉLINE, S.A.,

                Plaintiffs,

- against -

RED LEGEND GROUP CORP., STYLE
GENERATION CORP., QIAN KANG
TCHING a/k/a FRED CHEN, XYZ
COMPANIES 1-10, and JOHN DOES 1-
10,

                Defendants.

**ORDER**

16 Civ. 8305 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        In this action, Plaintiffs Louis Vuitton Malletier, S.A. and Céline, S.A. allege that Defendants Red Legend Group Corp., Style Generation, and Qian Kang Tching, a/k/a Fred Chen, are counterfeiting and infringing Plaintiffs' registered trademarks in connection with the promotion and sale of handbags and other accessories. (Cmplt. at ¶¶ 30-40) On October 26, 2016, this Court granted Plaintiffs' ex parte application for a temporary restraining order barring Defendants from infringing on Plaintiffs' trademarks violations. The Court also issued an order freezing Defendants' assets, providing for expedited discovery, and setting a hearing on Plaintiffs' application for a preliminary injunction for November 1, 2016.

        At the November 1, 2016 hearing, Defendants did not object to the entry of the preliminary injunction proposed by Plaintiffs in the Order to Show Cause, except as to certain asset-restraining provisions. In a November 3, 2016 joint letter, however, the parties report that they have agreed to the inclusion of asset-restraining provisions

consistent with those set forth in the temporary restraining order. (See Nov. 3, 2016 joint letter (Dkt. No. 4)) The parties have also agreed to deadlines for expedited discovery. (See id.) Accordingly, it is hereby:

ORDERED that Plaintiffs' motion for a preliminary injunction is GRANTED.

It is further ORDERED that, until the disposition of this action, Defendants and their owners, officers, directors, employees, agents, servants, representatives, and all other persons or entities acting in concert or active participation with Defendants, are preliminarily restrained and enjoined from:

1) designing, manufacturing, importing, advertising, marketing, distributing, offering to sell and/or selling any product, packaging or any other item of any kind that is or ever was labeled with Plaintiffs' trademarks, or any colorable imitations thereof;

2) using Plaintiffs' trademarks, or any colorable imitations thereof, on or in connection with any website, or in any marketing, advertising, or sales materials of any kind;

3) transferring, transporting, shipping, sending, moving, disposing of, discarding, destroying, exporting, or otherwise parting with custody, control, or possession of any product, packaging, labeling, advertising, or promotional materials, or any other item of any kind to which was affixed, or that is or ever was named or labeled with, Plaintiffs' trademarks, or any colorable imitations thereof;

4) modifying, re-labeling, re-packaging, re-naming, concealing, or otherwise changing the content or appearance of any product, packaging, or other item or materials to which was affixed, or that was ever named or labeled with, Plaintiffs' trademarks, or any colorable imitation thereof;

5) transferring, transporting, shipping, sending, moving, disposing of, discarding, destroying, exporting, or otherwise parting with custody, control or possession of any components, or any tools or equipment (e.g., heat stamps) used to stamp, label and/or otherwise designate any products with Plaintiffs' trademarks, or any colorable imitations thereof;

6) transferring, transporting, shipping, sending, moving, disposing of, discarding, destroying, exporting, or otherwise parting with custody,

2

control or possession of (or modifying, editing, concealing, or otherwise changing the content of) any document, data, or record (including, but not limited to, any computer file, e-mail, spreadsheet, or any other record existing in hard copy, electronic or other form) relating in any way to the manufacture, purchase, importation, labeling, assembling, distributing, marketing, advertising, offering to sell, selling, or shipping of any products, package, or any other item of any kind that is or ever was named or labeled with Plaintiffs' trademarks, or any colorable imitations thereof, including, without limitation, any record relating to the design, manufacture, purchase, or sale of any item bearing Plaintiffs' trademarks, or any colorable imitations thereof;

7) counterfeiting and/or infringing any of the Plaintiffs' trademarks identified below:

- Trademark Reg. No. 1,000,156 (registered 12/24/1974)
- Trademark Reg. No. 1,045,932 (registered 08/10/1976)
- Trademark Reg. No. 1,519,828 (registered 01/10/1989)
- Trademark Reg. No. 1,744,898 (registered 01/05/1993)
- Trademark Reg. No. 1,794,905 (registered 09/28/1993)
- Trademark Reg. No. 1,990,760 (registered 08/06/1996)
- Trademark Reg. No. 2,361,695 (registered 06/27/2000)
- Trademark Reg. No. 3,904,444 (registered 01/01/2011)
- Trademark Reg. No. 4,530,921 (registered 05/13/2014)
- Trademark Reg. No. 4,614,736 (registered 09/30/2014)
- Trademark Reg. No. 4,879,264 (registered 01/05/2016)

8) effecting assignments or transfers, forming new entities or associations, or utilizing any other device or mechanism for the purpose of circumventing or otherwise avoiding the prohibitions set forth in paragraphs (1) through (7) above; or

9) assisting, aiding, or abetting any person or business entity in engaging in any activity referred to in paragraphs (1) through (8) above.

It is further ORDERED that Defendants and their owners, officers, directors, employees, agents, servants, representatives, and all other persons or entities acting in concert or active participation with Defendants are preliminarily restrained and enjoined from transferring or disposing of any money or other assets of Defendants; provided, however, that these restrictions on the transfer of assets shall not prevent Defendants from:

1) making payments for ordinary living expenses not to exceed two thousand dollars ($2,000.00) per month; or

2) paying the following ordinary, legitimate business expenses:

   a) rent or mortgage in the amount normally paid as required under any lease or loan on any premises by such Defendants, upon presentation of said lease or loan document to Plaintiffs' counsel and verification thereof;

   b) ordinary and regular salaries to any bona fide employees, other than any of the Defendants themselves, or any relatives or dependents thereof, to the extent such salaries are not excessive; provided, however, that such salaries shall be paid to persons who were on the payroll of such Defendants as of the date of this Order, and such salaries do not exceed the prior month's level, and further provided that Defendants shall first present to Plaintiffs' counsel written documentation verifying all individuals proposed to be paid and the particulars of the salaries proposed therefor;

   c) ordinary and necessary bills for utilities; and

   d) payments of any amounts less than two thousand dollars ($2,000.00), not to exceed an aggregate of more than five thousand dollars ($5,000.00) per month, for ordinary business expenses.

It is further ORDERED that Defendants shall document and provide Plaintiffs' counsel with an accounting of all payments of living expenses, business expenses, and any other transfers made pursuant to this Order within ten (10) days following the end of each month.

It is further ORDERED that, with respect to document requests made by Plaintiffs pursuant to the expedited discovery provisions of the October 26, 2016 Order, Defendants shall respond to those requests and produce all responsive documents and information by November 11, 2016.

It is further ORDERED that, as agreed by the parties, Defendant Tching

will be made available for deposition at a mutually agreeable date shortly after the issuance of this Order.

Dated: New York, New York
      November 8, 2016

                                      SO ORDERED.

*Paul G. Gardephe*
Paul G. Gardephe
United States District Judge