Louis S. Ederer
louis.ederer@aporter.com
Matthew T. Salzmann
matthew.salzmann@aporter.com
Maxwell C. Preston
maxwell.preston@aporter.com
ARNOLD & PORTER LLP
399 Park Avenue
New York, New York  10022
Phone (212) 715-1000
Fax (212) 715-1399

*Attorneys for Plaintiffs*
*Louis Vuitton Malletier, S.A.*
*and Céline, S.A.*

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:  11/8/2016
```

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

LOUIS VUITTON MALLETIER, S.A. and
CÉLINE, S.A.,

               Plaintiffs,

       - against -

RED LEGEND GROUP CORP., STYLE
GENERATION CORP., QIAN KANG
TCHING a/k/a FRED CHEN, XYZ
COMPANIES 1-10 and JOHN DOES 1-10,
inclusive,

               Defendants.

------------------------------------------------------------ x

Civil Action No. 16 civ 8305 (PGG)

**DOCUMENT FILED UNDER SEAL**

## [PROPOSED] ORDER FOR A TEMPORARY RESTRAINING ORDER, ORDER TO SHOW CAUSE REGARDING A PRELIMINARY INJUNCTION, SEIZURE ORDER, TEMPORARY RESTRAINING ORDER TO FREEZE DEFENDANTS' ASSETS, AND EXPEDITED DISCOVERY ORDER

Having considered plaintiffs Louis Vuitton Malletier, S.A.'s ("Louis Vuitton") and Céline, S.A.'s ("Céline") (collectively, "Plaintiffs") Complaint, Plaintiff's *Ex Parte* Application for a Temporary Restraining Order, Order to Show Cause Regarding a Preliminary Injunction, Temporary Restraining Order to Freeze Defendants' Assets, Seizure Order, and Expedited Discovery Order, as well as Plaintiffs' Memorandum of Law and the declarations in support thereof, and the Court having found that:

A.     Plaintiffs have demonstrated a likelihood of success on the merits of their counterfeiting, trademark infringement, and false designation of origin claims based on Defendants' unauthorized and wrongful use of counterfeits of Plaintiffs' federally-registered trademarks in connection with the promotion and sale of various handbag, wallet and accessory products, including the following trademarks:

### Louis Vuitton Trademarks

| Mark | Reg. No. | Reg. Date | Class & Goods / Services |
|---|---|---|---|
| LOUIS VUITTON | 1,045,932 | 08/10/1976 | IC 018: Luggage and ladies' handbags |
| LOUIS VUITTON | 1,990,760 | 08/06/1996 | IC 018: *Inter alia*, trunks; traveling trunks; suitcases; traveling bags; luggage; garment bags for travel; hat boxes for travel; shoe bags for travel; umbrellas; animal carriers; rucksacks; haversacks; leather or textile shopping bags; beach bags; handbags; vanity cases sold empty; attache cases; tote bags, travel satchels; clutch bags; briefcases; wallets; pocket wallets; credit card cases; business card cases; bill and card holders; checkbook holders; key cases; change purses; briefcase-type portfolios |
| LOUIS VUITTON | 3,904,444 | 01/01/2011 | IC 035: Retail store services and on-line retail store services featuring clothing, footwear, headwear, bags, purses, eyewear, jewelry, watches, luggage, books, and writing implements; mail order services featuring clothing, footwear, headwear, bags, purses, eyewear, jewelry, watches, luggage, books, and writing implements; retail store services and on-line retail store services featuring phone-in order for clothing, footwear, headwear, bags, purses, eyewear, jewelry, watches, luggage, books, and writing implements |
| LOUIS VUITTON | 4,530,921 | 05/13/2014 | IC 016: Paper bags; boxes of cardboard or paper; cardboard and paperboard envelopes and pouches for packaging; plastic materials for packaging, namely, bags; posters; pamphlets referring to travel; postcards; catalogs featuring luggage, travel |

| Mark | Reg. No. | Reg. Date | Class & Goods / Services |
|------|----------|-----------|--------------------------|
| | | | accessories, bags, small leather goods, and clothing; paper labels; trading cards; greeting cards; business cards; invitation cards; printed publications, namely, books, newspapers, leaflets, and magazines featuring luggage, travel accessories, purses, small leather goods, and clothing; bookbinding materials; printed photographs; photograph albums; stationery, namely, note pads, desk pads, writing pads, drawing pads, envelopes, note paper; calendars; pocket calendars; note books; telephone indexes; diary covers; diaries; office requisites, namely, letter trays, paper knives, ink stands, inkwells, paper weights, pencil holders, pen holders, pencil tubs, blotting pads, pencils, fountain pens, rubber erasers, pen cases; printing types; printing blocks; table linens of paper<br><br>IC 025: Clothing, namely, pullovers, vests, shirts, tee-shirts, trousers, jackets, suits, coats, rain coats, waterproof jackets, waterproof pants, overcoats, parkas, skirts, dresses, pajamas, dressing gowns, nightgowns, robe, gloves, neck ties, belts for clothing, leather belts, scarves, pocket squares, sashes for wear, shawls, stockings, socks, tights, braces for clothing, suspenders, stoles, underwear, lingerie, bathing suits; headwear; shoes; slippers; boots; half-boots |
|  | 1,519,828 | 01/10/1989 | IC 018: Trunks, valises, traveling bags, satchels, hat boxes and shoe boxes for luggage, hand bags, pocketbooks |
|  | 1,794,905 | 09/28/1993 | IC 016: Stationery, pads of stationery, calendars, indexes for articles made for travellers, notebooks, envelopes; writing paper, office requisites in the nature of writing pads, pencil holders, pen cases, pencil cases, nibs, nibs of gold, inkwells, inkstands<br><br>IC 025: Clothing for men and women; namely belts, shawls, sashes, scarves; footwear headgear |
|  | 2,361,695 | 06/27/2000 | IC 025: Clothing, namely, sweaters, shirts, sweatshirts, polo shirts, t-shirts, suits, waistcoats, raincoats, skirts, coats, pullovers, trousers, dresses, jackets, shawls, stoles, scarves, neckties, pocket squares, pocket handkerchief squares for wear, gloves, ties, belts, bathing suits, shoes, boots and sandals, hats |
|  | 4,614,736 | 09/30/2014 | IC 016: Paper bags, boxes of cardboard or paper, cardboard and paperboard envelopes and pouches for packaging; plastic materials for packaging, namely, bags; posters; pamphlets referring to travel; postcards; catalogs featuring luggage, travel accessories, bags, small leather goods, and clothing; paper labels; trading cards; greeting cards; business cards; invitation cards; printed publications, namely, books, newspapers, leaflets, and magazines featuring luggage, travel accessories, purses, small leather goods, and clothing; bookbinding materials; printed photographs; photograph albums; stationery, namely, note pads, desk pads, writing pads, drawing pads, envelopes, note paper; calendars; pocket calendars; note books; telephone indexes; diary covers; diaries; office requisites, |

| Mark | Reg. No. | Reg. Date | Class & Goods / Services |
|---|---|---|---|
| | | | namely, letter trays, paper knives, ink stands, inkwells, paper weights, pencil holders, pen holders, pencil tubs, blotting pads, pencils, fountain pens, rubber erasers, pen cases; printing types; printing blocks; table linens of paper |

### Céline Trademarks

| Mark | Reg. No. | Reg. Date | Class & Goods / Services |
|---|---|---|---|
| **CÉLINE** | 1,000,156 | 12/24/1974 | IC 018: Leather goods-namely, purses, pouches, money bags, cardholders, wallets, passport and travel document cases, and handbags |
| CELINE | 1,744,898 | 01/05/1993 | IC 042: Retail clothing and accessories boutique services |
|  | 4,879,264 | 01/05/2016 | IC 018: Handbags |

(respectively, the "Louis Vuitton Trademarks" and "Céline Trademarks," and collectively, "Plaintiffs' Trademarks");

B.     Plaintiffs are being, and will continue to be irreparably harmed by defendants Red Legend Group Corp.'s ("Red Legend"), Style Generation Corp.'s ("Style Generation"), and Qian Kang Tching's a/k/a Fred Chen ("Tching") (collectively, "Defendants") design, manufacture, importation, advertising, marketing, distribution, offering for sale and/or sale of certain handbag, wallet and accessory products that bear counterfeits and/or infringements of Plaintiffs' Trademarks (the "Counterfeit and/or Infringing Goods"), which acts have taken place at the Red Legend and Style Generation storefront located at 119 West 30th Street, New York, New York 10001, and through the websites <www.168estore.com> and <www.style-gen.com>, which websites share a telephone number with the Red Legend and Style Generation storefront;

C.     Defendants' acts are likely to confuse and deceive the public and trade as to the source or origin of Defendants' Counterfeit and/or Infringing Goods;

3

D.     If Defendants were given notice of this litigation prior to the issuance of the Temporary Restraining Order hereinafter specified, Defendants would likely dispose of, move or transfer their assets, the Counterfeit and/or Infringing Goods, the tools, instrumentalities and machines used to manufacture and/or assemble the Counterfeit and/or Infringing Goods, the associated books and records, and/or other relevant evidence;

E.     The harm to Plaintiffs that would result from the denial of the requested *ex parte* Order would significantly outweigh any harm to Defendants' legitimate interests were the Court to grant such an Order;

F.     The public interest weighs in favor of granting the requested *ex parte* Order;

G.     The entry of an order other than the requested *ex parte* Order would not be sufficient to enjoin Defendants' counterfeiting and infringing of Plaintiffs' Trademarks or to otherwise achieve the purposes of the Lanham Act, 15 U.S.C. § 1051, *et seq.*, nor would such an order be adequate to preserve Plaintiffs' remedies, including, *inter alia*, the cessation of all sales of the Counterfeit and/or Infringing Goods, the acquisition of the business records relating to such goods, and Plaintiffs' rights to an equitable accounting of Defendants' illicit profits;

H.     Plaintiffs have not publicized the requested seizure and have presented evidence that the Counterfeit and/or Infringing Goods, the tools, instrumentalities and machines used to manufacture and/or assemble the Counterfeit and/or Infringing Goods, and the books and records related thereto are located at the places at which the seizures are to take place;

I.     Plaintiffs' counsel has given reasonable notice to the United States Attorney for the Southern District of New York that Plaintiffs would be seeking herein an order for seizure of Counterfeit and/or Infringing Goods and documents relating thereto.

J.      Plaintiffs have demonstrated that the only effective method of preventing the Counterfeit and/or Infringing Goods from being removed, hidden, moved, destroyed or made otherwise inaccessible and of preserving other possible relevant evidence is to issue an order requiring seizure of such evidence without notice to Defendants; therefore, the interests of justice require a waiver of notice pursuant to Federal Rule of Civil Procedure 65(b)(1)(B) and 15 U.S.C. § 1116;

K.      Federal Rule of Civil Procedure 65(b) and the common law and principles of equity provide authority for the issuance of this Order with respect to Defendants' repeated acts of trademark counterfeiting and infringement;

L.      Such confidential, proprietary or trade secret information of Defendants as might be improper to disclose to Plaintiffs' attorneys is unlikely to be found; and

M.      Good cause has been shown with regard to Plaintiffs' request for expedited discovery.

**IT IS THEREFORE ORDERED AS FOLLOWS:**

**I.      <u>ORDER TO SHOW CAUSE REGARDING A PRELIMINARY INJUNCTION</u>**

**IT IS HEREBY ORDERED** that Defendants or their respective attorney(s) show cause on ___November 1, 2016___, at ___2:00 p.m.___, or as soon thereafter as counsel can be heard, in Courtroom ___705___ of the United Stated District Court, Southern District of New York, located at ~~500 Pearl Street~~ 40 Foley Square, New York, New York 10007, why an Order pursuant to Federal Rule of Civil Procedure 65 should not be issued granting Plaintiffs a Preliminary Injunction as follows:

1)      Restraining and enjoining Defendants and their owners, officers, directors, employees, agents, servants, representatives, and all other persons or entities acting in concert or

5

active participation with Defendants and all others receiving notice of this Order from:

a)    designing, manufacturing, importing, advertising, marketing, distributing, offering to sell and/or selling any product, packaging or any other item of any kind that is or ever was labeled with Plaintiffs' Trademarks, or any colorable imitations thereof;

b)    using Plaintiffs' Trademarks, or any colorable imitations thereof, on or in connection with any website, or in any marketing, advertising or sales materials of any kind;

c)    transferring, transporting, shipping, sending, moving, disposing of, discarding, destroying, exporting or otherwise parting with custody, control or possession of any product, packaging, labeling, advertising or promotional materials, or any other item of any kind to which was affixed, or that is or ever was named or labeled with Plaintiffs' Trademarks, or any colorable imitations thereof;

d)    modifying, re-labeling, re-packaging, re-naming, concealing or otherwise changing the content or appearance or any product, packaging or other item or materials to which was affixed, or that was ever named or labeled with Plaintiffs' Trademarks, or any colorable imitations thereof;

e)    transferring, transporting, shipping, sending, moving, disposing of, discarding, destroying, exporting or otherwise parting with custody, control or possession of any components, or any tools or equipment (*e.g.*, hot stamps) used to stamp, label and/or otherwise designate any products with Plaintiffs' Trademarks, or any colorable imitations thereof.

f)      transferring, transporting, shipping, sending, moving, disposing of,

discarding, destroying, exporting or otherwise parting with custody,

control or possession of (or modifying, editing, concealing or otherwise

changing the content of) any document, data or record (including, but not

limited to, any computer file, e-mail, spreadsheet or any other record

existing in hard copy, electronic or other form) relating in any way to the

manufacture, purchase, importation, labeling, assembling, distributing,

marketing, advertising, offering to sell, selling, or shipping of any

products, package, or any other item of any kind that is or ever was named

or labeled with Plaintiffs' Trademarks, or any colorable imitations thereof,

including, without limitation, any record relating to the design,

manufacture, purchase or sale of any item bearing Plaintiffs' Trademarks,

or any colorable imitations thereof;

g)      Counterfeiting and/or infringing any of the Plaintiffs' Trademarks

identified below:

### Louis Vuitton Trademarks

| Mark | Reg. No. | Reg. Date | Class & Goods / Services |
|------|----------|-----------|--------------------------|
| LOUIS VUITTON | 1,045,932 | 08/10/1976 | IC 018: Luggage and ladies' handbags |
| LOUIS VUITTON | 1,990,760 | 08/06/1996 | IC 018: *Inter alia*, trunks; traveling trunks; suitcases; traveling bags; luggage; garment bags for travel; hat boxes for travel; shoe bags for travel; umbrellas; animal carriers; rucksacks; haversacks; leather or textile shopping bags; beach bags; handbags; vanity cases sold empty; attache cases; tote bags, travel satchels; clutch bags; briefcases; wallets; pocket wallets; credit card cases; business card cases; bill and card holders; checkbook holders; key cases; change purses; briefcase-type portfolios |
| LOUIS VUITTON | 3,904,444 | 01/01/2011 | IC 035: Retail store services and on-line retail store services featuring clothing, footwear, headwear, bags, purses, eyewear, jewelry, watches, luggage, books, and writing implements; mail order services featuring clothing, footwear, headwear, |

7

| Mark | Reg. No. | Reg. Date | Class & Goods / Services |
|---|---|---|---|
| | | | bags, purses, eyewear, jewelry, watches, luggage, books, and writing implements; retail store services and on-line retail store services featuring phone-in order for clothing, footwear, headwear, bags, purses, eyewear, jewelry, watches, luggage, books, and writing implements |
| LOUIS VUITTON | 4,530,921 | 05/13/2014 | IC 016: Paper bags; boxes of cardboard or paper; cardboard and paperboard envelopes and pouches for packaging; plastic materials for packaging, namely, bags; posters; pamphlets referring to travel; postcards; catalogs featuring luggage, travel accessories, bags, small leather goods, and clothing; paper labels; trading cards; greeting cards; business cards; invitation cards; printed publications, namely, books, newspapers, leaflets, and magazines featuring luggage, travel accessories, purses, small leather goods, and clothing; bookbinding materials; printed photographs; photograph albums; stationery, namely, note pads, desk pads, writing pads, drawing pads, envelopes, note paper; calendars; pocket calendars; note books; telephone indexes; diary covers; diaries; office requisites, namely, letter trays, paper knives, ink stands, inkwells, paper weights, pencil holders, pen holders, pencil tubs, blotting pads, pencils, fountain pens, rubber erasers, pen cases; printing types; printing blocks; table linens of paper<br><br>IC 025: Clothing, namely, pullovers, vests, shirts, tee-shirts, trousers, jackets, suits, coats, rain coats, waterproof jackets, waterproof pants, overcoats, parkas, skirts, dresses, pajamas, dressing gowns, nightgowns, robe, gloves, neck ties, belts for clothing, leather belts, scarves, pocket squares, sashes for wear, shawls, stockings, socks, tights, braces for clothing, suspenders, stoles, underwear, lingerie, bathing suits; headwear; shoes; slippers; boots; half-boots |
|  | 1,519,828 | 01/10/1989 | IC 018: Trunks, valises, traveling bags, satchels, hat boxes and shoe boxes for luggage, hand bags, pocketbooks |
|  | 1,794,905 | 09/28/1993 | IC 016: Stationery, pads of stationery, calendars, indexes for articles made for travellers, notebooks, envelopes; writing paper, office requisites in the nature of writing pads, pencil holders, pen cases, pencil cases, nibs, nibs of gold, inkwells, inkstands<br><br>IC 025: Clothing for men and women; namely belts, shawls, sashes, scarves; footwear headgear |
|  | 2,361,695 | 06/27/2000 | IC 025: Clothing, namely, sweaters, shirts, sweatshirts, polo shirts, t-shirts, suits, waistcoats, raincoats, skirts, coats, pullovers, trousers, dresses, jackets, shawls, stoles, scarves, neckties, pocket squares, pocket handkerchief squares for wear, gloves, ties, belts, bathing suits, shoes, boots and sandals, hats |

| Mark | Reg. No. | Reg. Date | Class & Goods / Services |
|---|---|---|---|
|  | 4,614,736 | 09/30/2014 | IC 016: Paper bags, boxes of cardboard or paper, cardboard and paperboard envelopes and pouches for packaging; plastic materials for packaging, namely, bags; posters; pamphlets referring to travel; postcards; catalogs featuring luggage, travel accessories, bags, small leather goods, and clothing; paper labels; trading cards; greeting cards; business cards; invitation cards; printed publications, namely, books, newspapers, leaflets, and magazines featuring luggage, travel accessories, purses, small leather goods, and clothing; bookbinding materials; printed photographs; photograph albums; stationery, namely, note pads, desk pads, writing pads, drawing pads, envelopes, note paper; calendars; pocket calendars; note books; telephone indexes; diary covers; diaries; office requisites, namely, letter trays, paper knives, ink stands, inkwells, paper weights, pencil holders, pen holders, pencil tubs, blotting pads, pencils, fountain pens, rubber erasers, pen cases; printing types; printing blocks; table linens of paper |

### Céline Trademarks

| Mark | Reg. No. | Reg. Date | Class & Goods / Services |
|---|---|---|---|
| **CÉLINE** | 1,000,156 | 12/24/1974 | IC 018: Leather goods-namely, purses, pouches, money bags, cardholders, wallets, passport and travel document cases, and handbags |
| CELINE | 1,744,898 | 01/05/1993 | IC 042: Retail clothing and accessories boutique services |
|  | 4,879,264 | 01/05/2016 | IC 018: Handbags |

    h)    effecting assignments or transfers, forming new entities or associations, or utilizing any other device or mechanism for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Paragraphs (a) through (g) above; or

    i)    assisting, aiding or abetting any person or business entity in engaging in any activity referred to in Paragraphs (a) through (i) above; and

2)    Restraining and enjoining Defendants and their owners, officers, directors, employees, agents, servants, representatives, and all other persons or entities acting in concert or

active participation with Defendants and all others receiving notice of this Order, from

transferring or disposing of any money or other assets of Defendants, as set forth further herein;

**IT IS FURTHER ORDERED**, that Defendants shall have up to and including

_October 31, 2016_ at 5:00 p.m. within which to file and serve on Plaintiffs' counsel,

Arnold & Porter LLP, via email to louis.ederer@aporter.com and

matthew.salzmann@aporter.com, or via facsimile to (212) 715-1399, or via hand delivery to

Plaintiffs' counsel at their offices located at 399 Park Avenue, New York, New York 10022, any

briefs, affidavits or other evidence in opposition to Plaintiffs' Application for Order to Show

Cause Regarding a Preliminary Injunction.

Defendants are hereby put on notice that their failure to appear at the Order to Show

Cause Hearing shall result in the immediate issuance of the Preliminary Injunction, which shall

be deemed to take effect immediately upon the expiration or dissolution of the Temporary

Restraining Order and Asset Restraining Order set forth below.  Defendants are hereby further

notified that they shall be deemed to have actual notice of the issuance and terms of such

Preliminary Injunction, and that any act by Defendant(s) in violation of any of its terms may be

considered and prosecuted as contempt by this Court.

## II.    TEMPORARY RESTRAINING ORDER AND ASSET RESTRAINING ORDER

**IT APPEARING** to the Court that Defendants are presently designing, manufacturing,

importing, advertising, marketing, distributing, offering to sell and/or selling Counterfeit and/or

Infringing Goods, and that Defendants will continue to carry out such acts unless restrained by

Order of the Court:

**IT IS HEREBY ORDERED**, that Defendants and their owners, officers, directors,

employees, agents, servants, representatives, and all other persons or entities acting in concert or

active participation with Defendants and all others receiving notice of this Order be enjoined and restrained, pending the hearing and determination of the Order to Show Cause Regarding a Preliminary Injunction, from any of the acts set forth in Paragraphs 1(a)–(i) above.

**IT IS FURTHER ORDERED**, that in accordance with Federal Rule of Civil Procedure 64, 15 U.S.C. § 1116(a) and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, Defendants and their officers, servants, employees and agents, and any person in active concert or participation with them, and any stock brokers, real estate brokers, banks, savings and loan associations, payment processors or other financial institutions, or other merchant account providers, payment providers or third party processors for any Defendant or any of Defendants' operations (*e.g.*, PayPal), who receive actual notice of this Order, shall immediately locate all accounts connected to Defendants, and that such accounts be temporarily restrained and enjoined from transferring or disposing of any money or other assets of Defendants, and any such money or other assets not be allowed to be transferred or withdrawn, without prior approval of the Court;

**IT IS FURTHER ORDERED**, that upon five (5) business days written notice to the Court and Plaintiffs' counsel, Defendants may, upon a proper showing, appear and move for dissolution or modification of the provisions of this Order concerning the restrictions upon the transfer of Defendants' assets, to the following extent:

1.     allowing payments for ordinary living expenses not to exceed two thousand dollars ($2,000.00) per month, with an accounting of such payments to be filed with the Court and provided to Plaintiffs' counsel within ten (10) days following the end of each month;

2.     allowing Defendants to pay ordinary, legitimate business expenses as follows:

     a.     rent or mortgage in the amount normally paid as required under any lease or loan on any premises by such Defendants, upon presentation of said lease or loan document to Plaintiffs' counsel and verification thereof;

     b.     ordinary and regular salaries to any bona fide employees, other than any of the Defendants themselves, or any relatives or dependents thereof, to the extent such salaries are not excessive; provided, however, that such salaries shall be paid to persons who were on the payroll of such Defendants as of the date of this Order, and such salaries do not exceed the prior month's level, and further provided that Defendants shall first present to Plaintiffs' counsel written documentation verifying all individuals proposed to be paid and the particulars of the salaries proposed therefor;

     c.     ordinary and necessary bills for utilities;

     d.     payments of any amounts less than two thousand dollars ($2,000.00), not to exceed an aggregate of more than five thousand dollars ($5,000.00) per month, for ordinary business expenses, which transfers shall be documented, and this documentation be provided to Plaintiffs' counsel within ten (10) days following the end of the month; and

3.     Defendants shall provide Plaintiffs' counsel with an accounting of all payments of living expenses, business expenses and any transfers of assets made pursuant to this Order within ten (10) days following the end of each month;

**IT IS FURTHER ORDERED**, that personal service of this Order, Plaintiffs' Application, and all documents filed in support thereof be made on Defendants ~~within ten (10) days of the date of this Order~~, such service being deemed sufficient; and [handwritten: by 5:00 p.m. on October 27, 2016]

**IT IS FURTHER ORDERED**, that this Temporary Restraining Order and Asset Restraining Order shall remain in effect until the date set forth on the Order to Show Cause

Regarding a Preliminary Injunction, or unless otherwise modified or superseded by subsequent Order of this Court.

## III.   **SEIZURE ORDER**

**IT APPEARING** to the Court that if Defendants were given notice of this litigation, Defendants would likely dispose of, move or transfer the Counterfeit and/or Infringing Goods, the tools, instrumentalities and machines used to manufacture and/or assemble the Counterfeit and/or Infringing Goods, the associated books and records, and/or other relevant evidence:

**IT IS THEREFORE ORDERED**, that the United States Marshal for the Southern District of New York, or any federal, state, county or local law enforcement officers, assisted by one or more attorneys or agents of Plaintiffs, is hereby authorized to seize, impound and deliver to Plaintiffs or their representatives, without prior notice to Defendants, the following materials: (a) any and all unauthorized and unlicensed merchandise and/or packaging bearing Plaintiffs' Trademarks as described above, (b) the tools, instrumentalities and machines used to manufacture and/or assemble the Counterfeit and/or Infringing Goods, (c) all books and records relating thereto, including, but not limited to, records and data contained in electronic format on computers, servers, hard drives, zip drives and/or disks, and (d) containers or vehicles in which the same are held or transported, which materials Defendants sell, attempt to sell or hold for sale, or otherwise store or maintain, at all locations within this District or any other Districts where Defendants' Counterfeit and/or Infringing Goods are offered for sale, sold, distributed, transported, manufactured and/or stored, including, but not limited to (i) the physical storefront location of Defendant Red Legend and Defendant Style Generation at 119 West 30th Street, New York, New York 10001, including, without limitation, the basement at said location, which is believed to be accessible via a hatch in the floor located behind the counter on the interior of the

location, and (ii) all such vehicles owned by Defendants including, but not limited to, a certain

van bearing New York State license place 52743-MC (collectively, the "Locations");

**IT IS FURTHER ORDERED**, that the United States Marshal or other law enforcement

officer(s) effecting such seizure shall employ whatever reasonable force is necessary to enter

Defendants' Locations, and to inspect the contents of any storage areas (including the basement),

computers, rooms, vehicles, closets, cabinets, containers, cases, desks or documents located

therein;

**IT IS FURTHER ORDERED**, that a forensic accountant of Plaintiffs' choosing (*e.g.*, a

representative of Stroz Friedberg) shall be permitted to accompany the United States Marshal or

other law enforcement officer(s) effecting such seizure, and to inspect the contents of any

computers, rooms, vehicles, closets, cabinets, containers, cases, desks or documents located

therein;

**IT IS FURTHER ORDERED**, that Plaintiffs' agents shall promptly inspect all items

seized, and, if any items are found to be authorized products, such items are to be returned to

Defendants within twenty (20) business days after the date this Order is executed;

**IT IS FURTHER ORDERED**, that the search and seizure authorized herein may be

photographed and/or videotaped for the purpose of authenticating and assisting in obtaining

evidence, and preventing any controversy regarding the activities and events occurring during

said search and seizure;

**IT IS FURTHER ORDERED**, that: any merchandise and/or packaging, or means of

making same, or records and other items seized, shall be appropriately tagged to permit

identification; Defendants shall be given a receipt therefor; such merchandise, records or other

items seized shall be impounded in the custody or control of Plaintiffs or Plaintiffs' agents as

substitute custodian pending further order of this Court, and shall be made available for inventory inspection by Defendants or Defendants' counsel during normal business hours; and that any such records seized shall likewise be impounded, and shall be subject to a protective order whereby access thereto shall be initially restricted only to Plaintiffs and Plaintiffs' counsel and Defendants and Defendants' attorneys of record, who shall be permitted to inspect and copy such records, and such records shall be copied and the copies returned to Defendants within twenty (20) business days of the date this Order is executed.  Such protective order, restricting access to such documents, shall expire twenty (20) business days after the date this Order is executed;

**IT IS FURTHER ORDERED**, that Plaintiffs shall post a corporate surety bond, cash or certified attorney's check in the amount of ten thousand dollars ($10,000) as security, which this Court determines to be adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful seizure, attempted seizure or restraint hereunder;

**IT IS FURTHER ORDERED**, that sufficient cause having been shown, the above seizure shall take place, and service of this Order shall be made on Defendants personally, or by delivery to an adult of suitable age, at Defendants' Locations, and that such service shall be made and such seizure shall take place within ten (10) business days from the date of this Order, or such other time as may be specified by the Court; and

**IT IS FURTHER ORDERED**, that Plaintiffs' counsel shall file a statement with the Court within ten (10) business days after the seizure is executed, stating whether goods and/or other materials were seized and a description thereof, and where the goods and/or other materials are stored.

IV.   **ORDER PERMITTING EXPEDITED DISCOVERY**

**IT IS HEREBY ORDERED**, that Plaintiffs may take immediate discovery of Defendants and third parties by providing actual notice, pursuant to subpoena or otherwise, of this Order to Show Cause to any of the following: (a) Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, who shall produce all documents and information responsive to such expedited discovery requests within five (5) days of service (including, without limitation, Plaintiffs' First Set of Requests for Production of Documents and Things Directed to Defendants, a copy of which is attached hereto as **Exhibit A**), and appear for depositions no later than one (1) day prior to the show cause hearing scheduled herein; (b) any third party service providers, including without limitation, shippers, domain name registrars, domain name registries, web hosting service providers, registrant service providers or any third-party who has provided online services for Defendants, including online third-party selling platforms; and (c) any banks, savings and loan associations, payment processors or other financial institutions, including without limitation, any merchant account providers, payment providers, third party processors (*e.g.*, PayPal), and/or credit card associations, which receive payments or hold assets on Defendants' behalf;

**IT IS FURTHER ORDERED**, that any third party providing services in connection with Defendants' infringing activity and/or Defendants' websites, including without limitation, shippers, domain name registrars, domain name registries, web hosting service providers, registrant service providers or any third party who has provided online services for Defendants, including online third party selling platforms, shall, within five (5) days after receipt of such notice, provide copies of all documents and records in such person or entity's possession or control relating to any financial accounts owned or controlled by Defendants, including their

agents, servants, employees, confederates, attorneys, and any persons acting in concert or

participation with them, including such accounts residing with or under the control of any banks,

savings and loan associations, payment processors or other financial institutions, such other

parties or persons to include, without limitation, any merchant account providers, payment

providers, third party processors, and credit card associations.

Date: _____Oct. 26_____, 2016          _____

UNITED STATES DISTRICT JUDGE

# Exhibit A

Louis S. Ederer
louis.ederer@aporter.com
Matthew T. Salzmann
matthew.salzmann@aporter.com
Maxwell C. Preston
maxwell.preston@aporter.com
ARNOLD & PORTER LLP
399 Park Avenue
New York, New York 10022
Phone (212) 715-1000
Fax (212) 715-1399

*Attorneys for Plaintiffs*
*Louis Vuitton Malletier, S.A.*
*and Céline, S.A.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------- x

LOUIS VUITTON MALLETIER, S.A. and
CÉLINE, S.A.,

           Plaintiffs,

      - against -

RED LEGEND GROUP CORP., STYLE
GENERATION CORP., QIAN KANG
TCHING a/k/a FRED CHEN, XYZ
COMPANIES 1-10 and JOHN DOES 1-10,
inclusive,

           Defendants.

---------------------------------------------------------- x

Civil Action No.

**PLAINTIFFS' FIRST SET OF
REQUESTS FOR PRODUCTION
OF DOCUMENTS AND THINGS
DIRECTED TO DEFENDANTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Civil

Rules of the United States District Court for the Southern District of New York, plaintiffs Louis

Vuitton Malletier, S.A. and Céline, S.A. (collectively "Plaintiffs") hereby direct their First Set of

Requests for Production of Documents and Things (the "Requests") to defendants Red Legend

Group Corp., Style Generation Corp., Quin Kang Tching a/k/a Fred Chen, XYZ Companies 1-

10, John and Jane Does 1-10 (collectively "Defendants"), and request that Defendants produce and make available for inspection and copying the following documents and things at the offices of Arnold & Porter LLP, 399 Park Avenue, New York, New York 10022, within the shorter of (a) thirty (30) days, or (b) any timeframe or deadline that may be set by the Court in connection with any Order to Show Cause that may issue in this action.

The Requests are governed by the following Definitions and Instructions:

## DEFINITIONS

As used herein, the terms below shall have the following meanings:

1. The term "Plaintiffs" means Louis Vuitton Malletier, S.A. and Céline, S.A., and their respective "officers, directors, employees, partners, corporate parents, subsidiaries or affiliates." Local Civil Rule 26.3(c)(5).

2. The term "Defendants" means Red Legend Group Corp., Style Generation Corp., Quin Kang Tching a/k/a Fred Chen, XYZ Companies 1-10, John and Jane Does 1-10, and their respective "officers, directors, employees, partners, corporate parents, subsidiaries or affiliates." Local Civil Rule 26.3(c)(5).

3. The term "Plaintiffs' Trademarks" means the following:

| Mark | Reg. No. | Reg. Date | Class & Goods / Services |
|------|----------|-----------|--------------------------|
| LOUIS VUITTON | 1,045,932 | 08/10/1976 | IC 018: Luggage and ladies' handbags |
| LOUIS VUITTON | 1,990,760 | 08/06/1996 | IC 018: *Inter alia*, trunks; traveling trunks; suitcases; traveling bags; luggage; garment bags for travel; hat boxes for travel; shoe bags for travel; umbrellas; animal carriers; rucksacks; haversacks; leather or textile shopping bags; beach bags; handbags; vanity cases sold empty; attache cases; tote bags, travel satchels; clutch bags; briefcases; wallets; pocket wallets; credit card cases; business card cases; bill and card holders; checkbook holders; key cases; change purses; briefcase-type portfolios |
| LOUIS VUITTON | 3,904,444 | 01/01/2011 | IC 035: Retail store services and on-line retail store services featuring clothing, footwear, headwear, bags, purses, eyewear, jewelry, watches, luggage, books, and writing implements; mail order services featuring clothing, footwear, headwear, bags, purses, eyewear, jewelry, watches, luggage, books, and |

| Mark | Reg. No. | Reg. Date | Class & Goods / Services |
|---|---|---|---|
| | | | writing implements; retail store services and on-line retail store services featuring phone-in order for clothing, footwear, headwear, bags, purses, eyewear, jewelry, watches, luggage, books, and writing implements |
| LOUIS VUITTON | 4,530,921 | 05/13/2014 | IC 016: Paper bags; boxes of cardboard or paper; cardboard and paperboard envelopes and pouches for packaging; plastic materials for packaging, namely, bags; posters; pamphlets referring to travel; postcards; catalogs featuring luggage, travel accessories, bags, small leather goods, and clothing; paper labels; trading cards; greeting cards; business cards; invitation cards; printed publications, namely, books, newspapers, leaflets, and magazines featuring luggage, travel accessories, purses, small leather goods, and clothing; bookbinding materials; printed photographs; photograph albums; stationery, namely, note pads, desk pads, writing pads, drawing pads, envelopes, note paper; calendars; pocket calendars; note books; telephone indexes; diary covers; diaries; office requisites, namely, letter trays, paper knives, ink stands, inkwells, paper weights, pencil holders, pen holders, pencil tubs, blotting pads, pencils, fountain pens, rubber erasers, pen cases; printing types; printing blocks; table linens of paper<br><br>IC 025: Clothing, namely, pullovers, vests, shirts, tee-shirts, trousers, jackets, suits, coats, rain coats, waterproof jackets, waterproof pants, overcoats, parkas, skirts, dresses, pajamas, dressing gowns, nightgowns, robe, gloves, neck ties, belts for clothing, leather belts, scarves, pocket squares, sashes for wear, shawls, stockings, socks, tights, braces for clothing, suspenders, stoles, underwear, lingerie, bathing suits; headwear; shoes; slippers; boots; half-boots |
|  | 1,519,828 | 01/10/1989 | IC 018: Trunks, valises, traveling bags, satchels, hat boxes and shoe boxes for luggage, hand bags, pocketbooks |
|  | 1,794,905 | 09/28/1993 | IC 016: Stationery, pads of stationery, calendars, indexes for articles made for travellers, notebooks, envelopes; writing paper, office requisites in the nature of writing pads, pencil holders, pen cases, pencil cases, nibs, nibs of gold, inkwells, inkstands<br><br>IC 025: Clothing for men and women; namely belts, shawls, sashes, scarves; footwear headgear |
|  | 2,361,695 | 06/27/2000 | IC 025: Clothing, namely, sweaters, shirts, sweatshirts, polo shirts, t-shirts, suits, waistcoats, raincoats, skirts, coats, pullovers, trousers, dresses, jackets, shawls, stoles, scarves, neckties, pocket squares, pocket handkerchief squares for wear, gloves, ties, belts, bathing suits, shoes, boots and sandals, hats |

| Mark | Reg. No. | Reg. Date | Class & Goods / Services |
|---|---|---|---|
|  | 4,614,736 | 09/30/2014 | IC 016: Paper bags, boxes of cardboard or paper, cardboard and paperboard envelopes and pouches for packaging; plastic materials for packaging, namely, bags; posters; pamphlets referring to travel; postcards; catalogs featuring luggage, travel accessories, bags, small leather goods, and clothing; paper labels; trading cards; greeting cards; business cards; invitation cards; printed publications, namely, books, newspapers, leaflets, and magazines featuring luggage, travel accessories, purses, small leather goods, and clothing; bookbinding materials; printed photographs; photograph albums; stationery; namely, note pads, desk pads, writing pads, drawing pads, envelopes, note paper; calendars; pocket calendars; note books; telephone indexes; diary covers; diaries; office requisites, namely, letter trays, paper knives, ink stands, inkwells, paper weights, pencil holders, pen holders, pencil tubs, blotting pads, pencils, fountain pens, rubber erasers, pen cases; printing types; printing blocks; table linens of paper |
| CÉLINE | 1,000,156 | 12/24/1974 | IC 018: Leather goods-namely, purses, pouches, money bags, cardholders, wallets, passport and travel document cases, and handbags |
| CELINE | 1,744,898 | 01/05/1993 | IC 042: Retail clothing and accessories boutique services |
|  | 4,879,264 | 01/05/2016 | IC 018: Handbags |

4.      The term "Accused Products" means any and all products, manufactured, sold, marketed or otherwise offered to consumers by any of the Defendants that in any way display, utilize or reference any of Plaintiffs' Trademarks or any colorable imitations of Plaintiffs' Trademarks, including but not limited to the products defined in the Complaint in this action as "Counterfeit and/or Infringing Products."

5.      The term "Person(s)" means any natural person or any business, legal or governmental entity or association.  Local Civil Rule 26.3(c)(6).

6.      The term "Document" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilation.  Local Civil Rule 26.3(c)(2).

4

7.     The term "Communication" means "transmittal of information (in the form of facts, ideas, inquires, or otherwise)." Local Civil Rule 26.3(c)(1).

8.     The term "Concerning" means "relating to, referring to, describing, evidencing or constituting." Local Civil Rule 26.3(c)(7).

## INSTRUCTIONS

1.     Defendants are requested to serve upon Plaintiffs, in accordance with Federal Rule of Civil Procedure 34(b), a written response to each item or category of these Requests stating that inspection and related activities will be permitted as requested or, in the event of any objection, the reason for each such objection.

2.     Unless otherwise stated in an individual Request, all Documents requested are for the period January 1, 2011 through the date of this Request (the "Time Period"), and include: (1) all Documents dated, prepared or received during the Time Period; and (2) all Documents that relate to, refer to, or contain any information concerning all or any portion of the Time Period, or to any event or circumstance during that Time Period—whether dated, prepared, or received before, during, or after the Time Period.

3.     "Privilege Log"

(a)     Claims of attorney-client privilege:  If Defendants withhold any Document (or part thereof) under a claim of attorney-client privilege, state the following for each such Document:

(i)     the name and job title or capacity of the author(s) or originator(s);

(ii)     the name and job title or capacity of every person (or entity) known to have furnished the Document or a copy, or informed of its substance;

(iii)     the relationship between the author(s)/originator(s) and each person (or entity) known to have been furnished the Document (or a copy) or informed of its substance;

(iv)     whether the primary purpose of the Document was to seek or provide legal advice or services;

(v)     the date of the Document;

(vi)     the subject matter(s) addressed in the Document;

(vii)     whether the Document was transmitted in confidence, and whether the Document or any portion thereof was intended or proposed to be communicated to anyone not within the attorney-client relationship now being asserted;

(viii)     a description of the Document (*e.g.*, letter); and

(ix)     the particular Request as to which the Document is responsive.

(b)     <u>Documents withheld from disclosure on grounds other than the attorney-client privilege</u>:  If Defendants withhold any Document (or part thereof) on any ground other than the attorney-client privilege (such as the work product doctrine), for each such Document (or part thereof) withheld, state:

(i)     on which ground, privilege or doctrine Defendants are relying;

(ii)     with respect to each Document for which the ground, doctrine or privilege is invoked, information that shows that each element of the doctrine or privilege is satisfied;

(iii)     the name and job title or capacity of the author(s) or originator(s);

(iv)     the name and job title or capacity of every person (or entity) known to have been furnished the Document (or a copy) or informed of its substance;

(v)     the relationship between the author(s)/originator(s) and each person (or entity) known to have been furnished the Document (or a copy) or informed of its substance;

(vi)    the date of the Document;

(vii)   the subject matter(s) addressed in the Document;

(viii)  whether the Document was transmitted in confidence, and whether the Document or any portion thereof was intended or proposed to be communicated to anyone not within the privilege or doctrine now being asserted;

(ix)    a description of the Document (*e.g.*, letter); and

(x)     the particular Request to which the Document is responsive.

4.      Notwithstanding the assertion of any objection, any Document claimed to be privileged or otherwise protected from discovery that contains non-privileged material should be disclosed, with the purportedly privileged section redacted.  The redacted portion should be listed on the "privilege log" provided to Plaintiffs.

5.      The original or a duplicate of every Document claimed to be privileged or otherwise protected from discovery (in whole or in part) shall be segregated and maintained for inspection by the Court or for production to Plaintiffs if so ordered.

6.      Defendants are required to produce all the requested Documents which are in their possession, custody or control, including, but not limited to, Documents in the possession, custody or control of their respective directors, officers, and employees.  Defendants' search should include, but not be limited to, all desk files, personal files, chronological ("chron") files, personal notes, business diaries and calendars, records of meetings and telephone calls, and e-

mail and Documents stored in any computer memory (or retrievable by a computer), or otherwise electronically.

7.      Defendants should comply with Federal Rule of Civil Procedure 34(b) by producing the requested documents as they are kept in the usual course of business or by organizing and labeling them to correspond with the categories in this request.  If any Document responsive to this request was maintained or kept in a file folder, binder or other storage device that was labeled (or otherwise bore any information), Defendants should produce the original or a copy of such label (and such information) in a way that Plaintiffs can determine the content of the label (or other information) on the file folder, binder or other storage device in which each such responsive document was maintained or kept.

8.      If a Document was prepared in several copies, or if additional copies were thereafter made, and if any such copies were not identical or are no longer identical by any reason of subsequent notation or modification of any kind whatsoever, including, without limitation, notations on the front or back of the document, such non-identical copies must be produced.

<strong>DOCUMENT REQUESTS</strong>

**<u>DOCUMENT REQUEST NO. 1</u>**

All Documents and Communications Concerning Plaintiffs, Plaintiffs' Trademarks and/or any other trademarks, designs or insignias associated with Plaintiffs.

**<u>DOCUMENT REQUEST NO. 2</u>**

All Documents and Communications Concerning the Defendants entities and the relationship between the Defendants, including, without limitation Documents and Communications Concerning the corporate structure, organization and ownership of Defendants,

8

and the transfer of payments, profits, costs and/or losses between them.

## DOCUMENT REQUEST NO. 3

All Documents and Communications Concerning Defendants' uses of Plaintiffs' Trademarks or colorable imitations thereof, including, without limitation, all such uses on products of any type (including the Accused Products), promotional materials, labels, signs, stamping materials, molds, components and other materials.

## DOCUMENT REQUEST NO. 4

All Documents and Communications Concerning Defendants' manufacture, import, export, purchase, acquisition, distribution and/or sale of Accused Products, including, without limitation, Documents and Communications Concerning Defendants' source(s) and/or supplier(s) of the Accused Products and/or the tools, devices and means to manufacture or assemble the Accused Products, such as hot-stamps, hardware molds and related machinery.

## DOCUMENT REQUEST NO. 5

All Documents and Communications Concerning any and all earnings, profits, or other benefits that Defendants have obtained that are in any way attributable, related, or connected to Defendants' uses of Plaintiffs' Trademarks (including the sale of Accused Products), including, without limitation, the names and account numbers for the banks, savings and loans, and other financial institutions where such earnings, profits, or other benefits are deposited and/or maintained, and the name and address of any financial or accounting professionals that provided services to Defendants in connection with the calculation or recordation thereof.

## DOCUMENT REQUEST NO. 6

All Documents and Communications Concerning any and all payments Defendants received in return for any and all Accused Products.

**DOCUMENT REQUEST NO. 7**

Documents and Communications sufficient to identify the location and quantities of any and all existing inventory of Accused Products.

**DOCUMENT REQUEST NO. 8**

Documents and Communications sufficient to identify each and every physical location where Defendants have stored or maintained corporate books and records during the Time Period.

**DOCUMENT REQUEST NO. 9**

Documents and Communications sufficient to identify each and every physical location where Defendants have stored or maintained Accused Products during the Time Period.

**DOCUMENT REQUEST NO. 10**

Documents and Communications sufficient to identify each and every physical location where Defendants have hot-stamped Plaintiffs' Trademarks onto Accused Products or any other type of product.

**DOCUMENT REQUEST NO. 11**

Documents and Communications sufficient to identify each and every customer or purchaser of Accused Products.

**DOCUMENT REQUEST NO. 12**

Defendants' financial statements, including, without limitation, state and federal tax returns.

**DOCUMENT REQUEST NO. 13**

All Documents and Communications concerning any website or social media account associated with Defendants, including, without limitation, www.168estore.com and www.style-

gen.com, and all Document and Communications relating to the design, maintenance and

operation of all such websites and social media account.

## DOCUMENT REQUEST NO. 13

Defendants' financial statements, including, without limitation, state and federal tax

returns.


Dated: New York, New York        ARNOLD & PORTER LLP
      October __, 2016

           By:   _____
                Louis S. Ederer
                louis.ederer@aporter.com
                Matthew T. Salzmann
                matthew.salzmann@aporter.com
                Maxwell C. Preston
                maxwell.preston@aporter.com
                399 Park Avenue
                New York, New York 10022
                Phone (212) 715-1000
                Fax (212) 715-1399

                *Attorneys for Plaintiffs*
                *Louis Vuitton Malletier, S.A.*
                *and Céline, S.A.*