UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

LOUIS VUITTON MALLETIER, S.A. and            Civil Action No.
CELINE, S.A.,            16-CV-8305 (PGG)

          Plaintiffs,            **ANSWER**

     -- against --

RED LEGEND GROUP CORP., STYLE
GENERATION CORP., QUIAN KANG
TCHING a/k/a FRED CHEN, XYZ
COMPANIES 1-10, and JOHN DOES 1-10,
inclusive,

          Defendants.

-------------------------------------------------------------------X

Defendants RED LEGEND GROUP CORP., STYLE GENERATION CORP., QUIAN KANG TCHING a/k/a FRED CHEN, XYZ COMPANIES 1-10, and JOHN DOES 1-10, by their counsel ADDABBO & GREENBERG, hereby state as follows as and for their Answer to the Complaint and Affirmative Defenses:

## ANSWER TO THE COMPLAINT

1. Admit the allegations contained in paragraphs 5, 6, 30 and 31 of the Complaint.

2. Deny the allegations contained in paragraphs 8, 32 through 40, 42 through 49, 51 through 58, 60 through 67, 69 through 76, 78 through 85, 87 through 94, 96 through 103, 105 through 112, 114 through 117, 119 through 122, 124 through 130, 132 through 138, 140 through 146, 148 through 153, 155 through 160, 162 through 167, 169, 170, 172, 173, 175, 176, 178, 179, 181, 182, 184 and 185 of the Complaint.

3. Deny knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraphs 3, 4, and 13 through 29 of the Complaint.

4. As to paragraphs 1, 2, and 9 through 12 of the Complaint, assert that these paragraphs contain prefatory narrative statements and/or conclusions of law that do not require an answer, and deny these paragraphs insofar as they purport to contain allegations of fact.

5. As to paragraph 7 of the Complaint, admit that defendant Tching a/k/a Chen is a natural person who resides in the State of New York and is the chief executive officer of Red Legend and Style Generation, but denies the allegations in this paragraph insofar as they allege that he is liable to the Plaintiffs and/or committed wrongful acts, and assert that the question of whether he is or is not the "moving, active and conscious force" behind any such alleged acts is a question of law to be determined by this Honorable Court.

6. As to paragraphs 41, 50, 59, 68, 77, 86, 95, 104, 113, 118, 123, 131, 139, 147, 154, 161, 168, 171, 174, 177, 180, and 183 of the Complaint, repeat and reallege all admissions, denials, denials of information and belief, and/or other answers as if fully set forth herein.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

7. If these answering Defendants are found to have purchased and/or sold any counterfeit product, which is denied, then in that event such purchase and/or sale was inadvertent, unintentional, and without knowledge by these answering Defendants, their agents, servants and/or employees as to the true nature of such product, and the Complaint herein does not allege such scienter with respect to these answering Defendants.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

8. By reason of the foregoing, these answering Defendants did not violate any Federal or State laws or regulations, or common laws, relating to the sale of counterfeit product, including, but not limited to, 15 U.S.C. § 1114(1)(a); 15 U.S.C. § 1114(1)(b); 15 U.S.C. § 1125(a)(1)(A); 15 U.S.C.

§ 1125(a)(1)(B); 15 U.S.C. § 1125(c); 17 U.S.C. § 106; New York General Business Law § 349; nor did these answering Defendants engage in any conspiracy to violate said laws or regulations.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

9. The Complaint fails to meet the standard of particularity required by Fed. R. Civ. Pro. 8 and 9 and/or the plausibility required by Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and its progeny.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

10. If the Plaintiffs sustained damages as alleged in the complaint, which these answering Defendants deny, the amount recoverable from these answering Defendants shall be reduced in proportion to their failure to mitigate the same.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

11. The Plaintiffs' causes of action in equity are barred by the doctrine of unclean hands.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

12. If the Plaintiffs suffered damages as alleged in the complaint, which these answering Defendants deny, then such damages could have been prevented by the exercise of reasonable diligence.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

13. That these answering Defendants did not engage in advertising, promotion and/or marketing of any of Plaintiffs' products as those terms are defined in Federal, state and/or local law.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

14. That the Plaintiffs' marks as alleged in the Complaint are not sufficiently strong and/or distinctive to cast these answering Defendants in damages for dilution.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

15. That these answering Defendants were not the moving, active and/or conscious force behind any violation of law, and that any violation thereof, which is denied, was not willful.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

16. The acts and/or practices of these answering Defendants do not constitute unfair competition as that term is defined under law.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

17. Plaintiffs' claims for injunctive and/or declaratory relief are barred because they have not shown that they have no adequate remedy at law.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

18. This case is not "exceptional" and/or "extraordinary" as that term is defined under relevant statutes and case law.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

19. The Complaint, or the individual causes of action alleged therein, does not state a claim under which relief can be granted.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

20. The Plaintiffs are estopped from bringing this action.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

21. The Plaintiffs' claims are barred by laches.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

22. To the extent that plaintiff has been damaged as alleged in the complaint, which is denied, any and all such damage was caused by one or more third parties over which the defendant had and has no control.

**WHEREFORE,** Defendants RED LEGEND GROUP CORP., STYLE GENERATION CORP., QUIAN KANG TCHING a/k/a FRED CHEN, XYZ COMPANIES 1-10, and JOHN DOES 1-10, demand judgment dismissing the Complaint, as against them, in all respects and for a further judgment awarding to them the costs and disbursements incurred herein, including reasonable attorney's fees, and for such other and further relief as to this Court may deem just and proper.

Dated: Forest Hills, NY
November 29, 2016

/s/ Todd D. Greenberg
TODD D. GREENBERG
ADDABBO & GREENBERG
Attorney for Defendants
118-21 Queens Blvd., Suite 306
Forest Hills, NY 11375
(718) 268-0400