UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

LOUIS VUITTON MALLETIER, S.A. and
CELINE, S.A.,

Civil Action No.
16-CV-8305 (PGG)

Plaintiffs,

**STIPULATION
AND ORDER**

-- against --

RED LEGEND GROUP CORP., STYLE
GENERATION CORP., QUIAN KANG
TCHING a/k/a FRED CHEN, XYZ
COMPANIES 1-10, and JOHN DOES 1-10,
inclusive,

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/6/16
```

Defendants.

-----------------------------------------------------------------X

**IT IS HEREBY STIPULATED AND AGREED**, by and between the attorneys for the Plaintiffs and Defendants, that the asset restraint provisions of this Court's Orders of November 8, 2016 (the "November 8 Order") and November 29, 2016 (the "November 29 Order"), and any other relevant court order, shall be modified as follows:

1. Citibank account number 4983563637 in the name of Red Legend Group Corp. ("Red Legend"), Bank of America account number 483045521747 in the name of Style Generation Corp. ("Style Generation"), and Citibank account number 3056341 in the name of Fred Chen ("Chen"), shall be immediately unfrozen, and to the extent any of foregoing accounts have been segregated into holding accounts, such accounts should be returned to Red Legend, Style Generation and Chen, respectively; Citibank and/or Bank of America shall not be responsible for ensuring Defendants' compliance with the restrictions set forth herein in Paragraphs 2-5.

1

2.  Notwithstanding the unfreezing of the foregoing accounts, Defendants remain subject to the following restrictions on the transfer and use of such assets, as set forth in the November 29 Order and recited below:

a)  Defendant Red Legend may withdraw up to, but no more than, $115,000 (one hundred fifteen thousand dollars) per calendar month from Citibank account 4983563637, and such funds may be used only for paying the following ordinary, legitimate business expenses of Red Legend:

i)  rent or mortgage in the amount normally paid as required under any lease or loan on any premises by Red Legend, upon presentation of said lease or loan document to Plaintiffs' counsel and verification thereof;

ii)  ordinary and regular salaries to any bona fide employees, other than any of the Defendants themselves, or any relatives or dependents thereof, to the extent such salaries are not excessive; provided, however, that such salaries shall be paid to persons who were on the payroll of Red Legend as of the date of the November 8 Order, and such salaries do not exceed the prior month's level, and further provided that Red Legend shall first present to Plaintiffs' counsel written documentation verifying all individuals proposed to be paid and the particulars of the salaries proposed therefor;

iii)  ordinary and necessary bills for utilities; and

iv)  payments for ordinary business expenses, including, without limitation, legal expenses, that together with subparagraphs 2(a)(i)-(iii), do not exceed $115,000 (one hundred fifteen thousand dollars) per month.

b)  Defendant Style Generation may withdraw up to, but no more than, $11,500 (eleven thousand five hundred dollars) per calendar month from Bank of America

account 483045521747, and such funds may be used only for paying the following ordinary, legitimate business expenses of Style Generation:

 i) rent or mortgage in the amount normally paid as required under any lease or loan on any premises by Style Generation, upon presentation of said lease or loan document to Plaintiffs' counsel and verification thereof;

 ii) ordinary and regular salaries to any bona fide employees, other than any of the Defendants themselves, or any relatives or dependents thereof, to the extent such salaries are not excessive; provided, however, that such salaries shall be paid to persons who were on the payroll of Style Generation as of the date of the November 8 Order, and such salaries do not exceed the prior month's level, and further provided that Style Generation shall first present to Plaintiffs' counsel written documentation verifying all individuals proposed to be paid and the particulars of the salaries proposed therefor;

 iii) ordinary and necessary bills for utilities; and

 iv) payments for ordinary business expenses, including, without limitation, legal expenses, that together with subparagraphs 2(b)(i)-(iii), do not exceed $11,500 (eleven thousand five hundred dollars) per month.

 c) Defendant Chen may withdraw up to, but no more than, $4,000 (four thousand dollars) per calendar month from Citibank account 3056341, and such funds may be used only for making payments for ordinary living expenses not to exceed $4,000 (four thousand dollars) per month.

3. Defendants shall not transfer any monies among Citibank account 4983563637, Bank of America account 4834045521747 and Citibank account 3056341, directly or indirectly.

4. Defendants shall not use any monies withdrawn from the aforesaid accounts for

3

gambling, or to pay gambling debts.

5. Defendants shall not use any monies withdrawn from the aforesaid accounts to pay outstanding debts, if any, for counterfeit Louis Vuitton and/or Céline products or the components and/or tools to manufacture or assemble the same, or for the purchase of any such products, components and/or tools.

6. The monthly reporting and accounting requirements set forth in the Court's November 8 Order shall remain in place.

7. Defendants further agree that any and all funds and other receipts generated through the Red Legend or Style Generation businesses, including, without limitation, cash transactions, shall be promptly deposited in the foregoing Citibank and Bank of America accounts, respectively, and all such transactions, including, without limitation, cash receipts and transfers into and from those accounts, shall be reflected in Defendants' monthly reporting and accounting disclosures provided for in the Court's November 8 Order.

8. Defendants shall not seek any further modification of the asset restraint provisions previously ordered by this Court during the pendency of this proceeding, including the provisions of this Stipulation and Order, with the exception that an application may be made, if necessary, to address any issues raised by Citibank and/or Bank of America with respect to the implementation and/or compliance with the terms of this Stipulation and Order.

9. All provisions in this Court's November 8 Order and November 29 Order, and any other prior order of the Court, that are not directly superseded by this Stipulation and Order, shall remain in full force and effect.

10. This Stipulation and Order may be executed in counterparts, each of which is an original and all of which taken together form one single document. The facsimile or PDF

representation of the signature of any person shall have the same force and effect as an original signature.

11. This Stipulation shall be binding upon the parties immediately upon signature, and shall be submitted to the Court for entry as an Order.

Dated: New York, NY
December 6, 2016

EDELSTEIN & GROSSMAN
Attorney for Defendants
501 Fifth Avenue, Suite 514
New York, NY 10017
(212) 871-0571

BY: Jonathan I. Edelstein

ARNOLD & PORTER LLP
Attorneys for Plaintiffs
399 Park Avenue
New York, NY 10022
(212) 715-1000

BY: Matthew T. Salzmann

SO ORDERED: _____, U.S.D.J., December 6, 2016
Paul G. Gardephe

5